## ARNOLD v. MOSES.

MALICIOUS PROSECUTION : PROBABLE CAUSE : FINDING OF MAGISTRATE.

*Appeal from Jasper Circuit Court.*

WEDNESDAY, APRIL 3.

ACTION for malicious prosecution. The petition states that defendant maliciously, and without reasonable and probable cause therefor, charged the plaintiff with the crime of larceny, and caused him to be taken before a justice of the peace and tried for said offense; that by reason of false and corrupt testimony the justice "bound over" the plaintiff to appear before the grand jury, by whom no indictment was found and the proceeding dismissed.

The defendant denied the allegations of the petition, and alleged he had fairly and fully stated all the facts to counsel, and was advised by them that there was evidence sufficient to warrant the conviction of the plaintiff.

There was a jury trial ; a verdict for the plaintiff assessing his damages at eight hundred dollars, and judgment being rendered thereon the defendant appeals.

*Smith & Wilson*, for appellant.

*Galusha Parsons*, for appellee.

SEEVERS, J.—I. The instructions of the court in clear and concise language fully state the law applicable to the pleadings and evidence before the jury. These instructions are in no manner objected to except in a single particular, which will be presently considered, but it is urged in substance that the evidence was not sufficient to sustain the verdict; that is to say, the evidence did not affirmatively show defendant had not rea-

· sonable and probable cause to commence the prosecution against the plaintiff. The jury having found otherwise, we cannot disturb the finding.

This conclusion has been reached by each member of the court on a separate reading of the abstract. It would serve no good purpose to state the evidence in detail.

II. The court fully and fairly instructed the jury as to what effect the advice of counsel should have as to the propriety of commencing the prosecution. The jury must have found the defendant did not fully and fairly state all the facts to his counsel, and we are agreed the evidence warranted such a finding.

III. The court gave the following instruction:

"13. The transcript of the magistrate introduced in evidence shows that the plaintiff was held to answer the charge made, and this was *prima facie* evidence of probable cause, but it is not conclusive upon this point, and it may be shown that in fact defendant had no probable cause for the prosecution."

It is insisted the finding of the magistrate is conclusive evidence of probable cause.

An instruction almost identical with the foregoing was approved in *Moffatt et al. v. Fisher*, 47 Iowa, 473, and there is nothing in *Ritchey v. Davis*, ·11 Iowa, 124, that conflicts therewith. It is sufficient to say that we are content to rest our ruling in this case on *Moffatt v. Fisher.* The damages are not excessive, in our opinion.

Other errors are assigned, but not argued by counsel, and must, therefore, be deemed waived.

AFFIRMED.