## THE STATE v. FAY.

1. **Practice:** BILL OF EXCEPTIONS. Where the certificate of the judge shows the rulings made during the trial, and states that the same were duly excepted to, such certificate is a sufficient compliance with the statute respecting bills of exceptions.

2. **Evidence:** CRIMINAL LAW: CONFESSION. While a witness is not bound to criminate himself, yet if he shall voluntarily testify to any matter tending to criminate, he may be compelled to testify in respect to that matter concerning all that is material to the issue.

3. ———: ———: RULE APPLIED. A witness stated that the defendant had admitted to him, in the presence of several others, his guilt of the crime of which he stood charged: *Held*, that he might be compelled to give the names of the others present at the time the confession was made.

*Appeal from Buchanan District Court.*

MONDAY, JUNE 19.

INDICTMENT for larceny. Trial, verdict of guilty and judgment. Defendant appeals.

*M. E. Cutts, Attorney General,* for the State.

*D. W. Bruckart* and *Lake & Harmon,* for appellee.

SEEVERS, CH. J.—I. The attorney general objects that the abstract fails to show any exceptions were taken to the rulings of the court below, which are relied on to reverse the judgment. It is true, the original abstract fails to shows any such exceptions, but an amended abstract has been filed which cures the alleged defect.

1. PRACTICE: bill of exceptions.

The original and amended abstract, taken together, show that the evidence was reduced to writing during the trial, and that the several rulings of the court touching the admission or exclusion of evidence, objected to by defendant, were also reduced to writing during such trial and exceptions thereto noted. The judge certifies at the conclusion of the testimony and the rulings and exceptions, as follows: "I hereby certify the foregoing to be all the evidence offered and received on

the trial of this cause, and the proceedings on the trial thereof." This paper was filed with the clerk and became a part of the record. Code, Sec. 4482. The office of a bill of exceptions is to make a part of the proceedings or evidence appear of record, which would not otherwise so appear. Code, Sec. 4481. Besides this, no stated form is required for a bill of exceptions. Code, Sec. 2832.

The certificate of the judge sufficiently shows the several rulings made during the trial as to the admission or exclusion of evidence, and that the same were duly excepted to. Such paper, so certified, constitutes a bill of exceptions sufficient for the purpose of showing the several rulings made. The objection is not, therefore, well taken.

II. One Noah Banks was a witness on the part of the State, and gave material testimony tending to prove the guilt 2. EVIDENCE: of the defendant. Among other things he testi- criminal law: confession. fied to a conversation with the defendant, during which the latter substantially admitted, according to the testimony of Banks, that he had committed the larceny with which he was charged.

On cross-examination the fact is disclosed that other persons were present at the time defendant had the conversation with the witness, in which he admitted the larceny; whereupon the witness was asked who were the parties so present. To which he replied that he did not want to give any evidence against any person except defendant. He was again asked who was present besides defendant and himself. Thereupon the witness declined to answer the question, on the ground that the answer would render him criminally liable. Afterward, during the cross-examination, the witness was asked " who were the other parties present in the room, besides yourself and defendant, when he told you he got the wheat?" This question the witness also declined to answer, on the ground the answer would tend to criminate him. The court ruled that the witness was not bound to answer the questions aforesaid and the defendant excepted thereto.

The rule that a witness is not bound to criminate himself is well established, and it is equally well established that a wit-

ness may waive his privilege. If he consents to testify to any matter tending to criminate himself, he must testify fully in all respects relative to that matter material to the issue. *Low v. Mitchell*, 18 Maine, 372; *Coburn v. Odell*, 10 Foster (N. H.), 540.

In the case at bar the witness freely and voluntarily testified that the defendant, in a conversation at which several persons were present, admitted the larceny, he thus waived his privilege, and should have been compelled to state who such persons were. It was quite important that he should have done so, to the end that defendant could call such persons as witnesses, and thus, if he could, contradict the story told by the witness. The questions propounded on cross-examination were proper, and the court erred in ruling the witness was privileged from answering them.

The judgment of the District must be

REVERSED.