## GIBBS v. BUCKINGHAM.

1. **Practice:** CERTIFICATE OF JUDGE: BILL OF EXCEPTIONS. A certificate of the trial judge, made a year after the trial, to the effect that the evidence contained in the abstract was all the evidence submitted upon the trial, is not a compliance with the statute, and the bill of exceptions may be stricken from the record upon motion.

2. ———: CHANGE OF VENUE: NEW TRIAL. Pending an application for a new trial upon the ground of newly discovered evidence, made subsequent to the trial term, a change of venue may be granted upon a proper showing therefor.

*Appeal from Monroe District Court.*

WEDNESDAY, APRIL 5.

ON the 22d day of February, 1875, the plaintiff filed a petition in the Mahaska District Court, under section 3155 of the Code, for a new trial, upon the ground of newly discovered evidence, of an action tried between the above named parties at the December Term, 1874, of said court, and which was determined adversely to the plaintiff.

On the 17th day of February, 1875, the plaintiff filed a motion for a change of venue, on the ground of the prejudice of the judge. This motion was sustained, and the venue was changed to the District Court of Monroe county, in the fifth judicial district, to which order and ruling the defendant at the time excepted.

On the 21st day of April, 1875, the defendant filed in the Monroe District Court a motion to strike the cause from the docket, and order the clerk to transmit the records to the District Court of Mahaska county, whence the cause came, upon the ground that that court had no right to entertain or grant a motion to change the place of trial, upon a petition for a new trial, and its action in that respect was without jurisdiction, and void. The court overruled this motion. The defendant excepted.

The cause was tried by the court at the November Term, 1876, and it was ordered that a new trial be granted to the plaintiff. The defendant excepted, and now appeals.

*Bolton & McCoy* and *M. E. Cutts*, for appellant.

*John F. Lacey*, for appellee.

DAY, J.—I. No bill of exceptions was signed by the judge who tried the cause, showing the testimony introduced, or the rulings made upon the trial.

On the 22d day of November, 1876, the short-hand reporter executed the following certificate: "I, W. S. Briggs, short-hand reporter in and for said county, do hereby certify that I reported the foregoing testimony on the trial of said cause of *Gibbs, Administrator, v. Buckingham*, at the November Term, 1876, of said court, and that the same, and exhibits and depositions therein referred to, contain all the testimony, rulings of the court, and exceptions thereto taken upon said trial."

On the 26th day of November, 1877, the judge who tried the cause signed the following certificate: "I certify that the evidence referred to and enumerated in the foregoing certificate of W. S. Briggs, short-hand reporter for the District Court of the second judicial district, including the county of Monroe, was all the testimony in the case of *Gibbs, Administrator, etc., v. W. J. Buckingham et al.*, tried at the November Term of the District Court of Monroe county, 1876." This certificate was made one year after the trial. The plaintiff moved to strike out the bill of exceptions thus made up, for the reason that it was not signed within the time by law prescribed. In *State v. Fay*, 43 Iowa, 651, where the evidence was reduced to writing during the trial, showing the rulings of the court touching the admission and exclusion of evidence, and the judge certified that the writing contained all the evidence and the proceedings on the trial, we held that there had been a sufficient compliance with the statute re-

*Marginal note:* 1. PRACTICE: certificate of judge: bill of exceptions.

specting bills of exceptions. But in order that it may have this effect the certificate must be signed within the time prescribed for signing a bill of exceptions. The bill of exceptions must be signed during the term, unless the parties agree to extend the time beyond the term. Code, § 2831; *Harrison v. Charlton*, 42 Iowa, 573. If a bill of exceptions is not signed within the time prescribed by statute, and there is no agreement of parties extending the time of signing, it may be stricken from the record on motion. *Lynch v. Kennedy*, 42 Iowa, 220. The motion preferred in this case must be sustained.

II. Nothing remains in the record to be considered but the ruling of the court granting a change of venue. It is claimed that the court had no jurisdiction to grant a change of venue in this case.

Section 3155 of the Code provides that, where the grounds for a new trial are discovered after the term at which the de-

2. ——: change of venue: new trial.

cision was rendered, the application may be made by petition, on which notice shall be served and returned, and the defendant held to appear as in an original action, and the case shall be tried as other cases by ordinary proceedings. Under this section we think the right to a change of venue attaches to this proceeding, when the recognized grounds for it exist.

AFFIRMED.