### COBB v. CHASE ET AL.

1. **Practice**: BILL OF EXCEPTIONS: TIME TO SETTLE AND FILE. Where time beyond the term was given a party to settle and file a bill of exceptions, within which the judge signed the bill and ordered it made a part of the record, but it was not filed with the clerk until after the time expired, it was held invalid, the extension beyond the term being presumed to be with consent of the adverse party, and the judge having no power to make the bill a part of the record and waive a strict compliance with the terms of the extension.

*Appeal from Fayette District Court.*

MONDAY, JUNE 21.

ACTION AT LAW. Trial to the court; judgment for the plaintiff, and the intervenors appeal.

*A. S. Hollenbeak*, for appellants.

*Ainsworth & Hobson* and *Hoyt & Hancock*, for appellee.

SEEVERS, J.—This cause was tried on the 20th day of February, 1879, and the defendants were given "sixty days to settle and file a bill of exceptions." The bill was actually signed on the 14th day of April, 1879, and the judge ordered that it be made a part of the record.

The bill was not filed by the clerk until the 14th day of July, and it is not claimed this delay was the fault of the clerk. The appellee insists there is no question in the record which can be considered. This depends upon the question whether there is a valid bill of exceptions.

The statute provides that any decision of the court must be objected to at the time it is made, and a bill of exceptions at once presented, and unless the court or adverse party object, time may be given extending beyond the term. Code, § 2831.

As time was given beyond the term to "settle and file" the bill, it will be presumed, in the absence of any showing to the contrary, it was done by the consent and agreement of the appellee. He cannot be permitted to take advantage of the fact it was not settled during the term. *Harrison v. Charlton*, 42 Iowa, 573.

But the appellee has the right to insist the terms and conditions upon which his consent was obtained should be complied with. Under the statute a bill of exceptions signed after the term is of no validity unless the same was signed at that time with the consent of the appellee, or because he agreed the same might be done. The agreement in this case was that the bill should be settled and filed. The filing was made just as essential as the settling and signing. The appellee had the right to say that he would consent to extending the time beyond the term on condition the bill should be filed within a specified time, and having done so, it is not for us to say he cannot take advantage of the failure to file within the stipulated time.

Until filed the bill did not become a part of the record. The judge in vacation could not by an order make it so, because the only source of his power was the agreement of the appellee.

As bearing on the question under consideration see *Lloyd v. Beadle*, 43 Iowa, 659; *Lynch v. Kennedy*, 42 Id., 220;

*Parmenter v. Elliott et al.,* 45 Id., 317; *Manning v. Irish,* 47 Id., 650.

In *Jones v. Hockman,* 12 Iowa, 101, the exception was taken at the time the instructions were refused, and the same ordered by the *court* to be made a part of the record. This the court had the power to do, and it was, therefore, properly held the time the bill was filed by the clerk was immaterial.

There being no valid bill of exceptions, the record fails to present any question which can be considered.

AFFIRMED.