McFARLAND· v. FOLSOM & CO. ET AL.

1. **Trial de novo**: KIND OF PROCEEDINGS. Where the relief demanded was within the powers of a court of law, and the cause appears to have been tried below as a law action, and is brought before this court on errors assigned, it cannot be tried *de novo*.

2. **Bill of Exceptions**: ORDER OF COURT: IMPEACHMENT OF. Where the record shows that plaintiff was allowed sixty days in which to file a bill of exception, such record cannot be impeached by the mere statement of the plaintiff that it was made without his request or assent.

3. ———: TIME OF FILING: ORDER OF COURT. Where the court allowed plaintiff sixty days in which to file a bill of exceptions in a law action, a bill filed after that time was, on motion of defendants, stricken from the record and abstract, on appeal to the supreme court.

4. **Practice in Supreme Court**: OBJECTIONS NOT ARGUED, WAIVED. Objections not urged in argument will be considered waived.

*Appeal from Boone District Court.*

WEDNESDAY, JUNE 6.

PLAINTIFF brought action against defendants, James Folsom & Co., upon promissory notes, wherein an attachment was issued, and the City Bank of Boone was garnished thereon and answering, showed that it had money of defendants' on deposit. Thereupon E. L. Dexter intervened, claiming a part of the money upon deposit in the bank. Upon a trial without a jury, the court found for the intervenor, and rendered judgment that the amount of money claimed by him be released from the attachment. Plaintiff appeals.

*Hindman & Hall* and *Kidder & Crooks*, for appellant.

*Webb & Dyer*, for appellees.

BECK, J.—I. The appellees file an amended abstract, showing substantially that the cause was not tried as an action in equity in the court below, and that the bill of exceptions or certificate of the evidence was not filed within the

time prescribed—sixty days—in the order of the district court, and thereon base a motion to strike the bill of exceptions and the evidence from the records. The plaintiff does not deny this amended abstract, but, as avoiding it, alleges that the case was tried upon written evidence; but shows in his supplemental abstract that three witnesses were examined orally in court. It appears from the abstract that the depositions of these witnesses were taken and read upon the trial. Neither does plaintiff deny that the bill of exceptions or certificate was filed after the time prescribed in the judgment; but he alleges that he did not ask such time, and that a bill of exceptions was not necessary, as all exceptions appeared upon the record.

II. The plaintiff insists that the case is depending in chancery, and should be tried here *de novo;* and that a bill of exceptions was not necessary to make of record and identify the evidence.

We think his position is not well taken. The proceedings were at law, and there appears to be no order transferring them to the chancery side of the court. The relief sought by the intervenor is within the power of a court of law. The case seems to have been tried as a law action in the court below, and is presented to us as a law action upon errors assigned. It clearly appears that it must be regarded in this court now, and as having been from the first, an action at law.

III. The plaintiff by the order of the court had sixty days in which to file his bill of exceptions. The judgment set out in the record shows this order. The plaintiff cannot, upon his mere statement, impeach this record as having been made without his request or assent.

IV. A certificate of the judge of the district court, identifying the evidence, was filed after the time prescribed in the judgment. It may be regarded as a bill of exceptions. *Gibbs v. Buckingham,* 48 Iowa, 96; *State v. Fay,* 43 Iowa, 651.

But the bill of exceptions must be filed within the time

prescribed in the order of the court; if not so filed, it will be disregarded, or stricken from the record. *Gibbs v. Buckingham, supra;* *Hahn v. Miller,* 60 Iowa, 96; *Lloyd v. Beadle,* 43 Iowa, 659; *Lynch v. Kennedy,* 42 Iowa, 220; *St. John v. Wallace,* 25 Iowa, 21.

The bill of exceptions, or certificate, upon the intervenor's motion, must be stricken from the record and abstract.

This conclusion disposes of all objections of plaintiffs based upon the consideration of the evidence. Other objections, complaining of rulings upon evidence, are not argued by counsel. They must be regarded as waived. The judgment of the district court is

AFFIRMED.