Reynolds v. Sutliff.

REYNOLDS v. SUTLIFF.

1. **Appeal**: DIMINUTION OF RECORD: CORRECTION: PRACTICE. When it is discovered on appeal that the record in the court below is deficient, a continuance of the appeal may be had, in a proper case, for the purpose of procuring a correction of the record in the lower court, but *no order of this court is necessary to give the party leave to move for a correction in the trial court*, nor to confer on that court authority to make the correction.

2. **Former Adjudication**: HOW PROVED. Where a party relies upon an estoppel by a judgment upon a verdict, he should introduce the verdict and judgment in evidence, and where he neither introduces nor proposes to introduce these, an instruction given by the court in the former case is properly rejected as evidence on that issue.

*Appeal from Linn District Court.*

SATURDAY, MARCH 19.

THIS is an action upon a promissory note. There was a trial by jury, and a verdict and judgment for the defendant. Plaintiff appeals.

*Blake & Hormel*, for appellant.

*Henry Rickel*, for appellee.

ROTHROCK, J.—I. The defendant admitted the execution of the note, and pleaded the following defenses thereto: (1) That the note was executed on Sunday; (2) that it was usurious; (3) that it was without consideration, for that it arose out of a pretended settlement of partnership transactions between the plaintiff and the defendant, in which settlement the defendant was induced by the false representations and deceit of the plaintiff to execute the note when nothing was due to the plaintiff; (4) that the note had been fully paid.

The plaintiff, by his reply, denied the averments of the answer, and pleaded that the alleged payments were made upon another note, given by the defendant to the plaintiff, upon which an action was brought and a trial had, in which it was adjudged that the alleged payments had been made

upon the prior note. The defendant filed an additional abstract, in which he set forth many pages of evidence which he claimed were omitted from appellant's abstract, and, in addition thereto, he presents certain evidence which he claims was introduced on the trial, but which was omitted from the bill of exceptions by mistake. He also filed an additional transcript, from which it appears that, after the appeal was taken, appellee filed a motion in the district court to correct the record, and the motion was heard, and an order made correcting the record, so as to show that part of the evidence claimed to have been omitted was introduced on the trial, and read to the jury. The plaintiff's attorneys appeared to the motion in the court below, and filed affidavits in resistance thereof. It is now claimed by appellant that there was no authority in law for correcting the record, and that the order was erroneously made by the district court, and he filed a motion asking that the additional transcript be expunged from the record.

The motion for the correction of the record was properly made in the district court. There was no necessity for an application to this court for leave to move in the court below for the correction. It frequently occurs that causes are continued in this court for the purpose of giving parties time to procure corrections of the record by motion in the court below, but no order is made in this court for leave to do so. The right exists without an order of this court. The mistake frequently made is that parties come into this court with motions to correct the record. This cannot be done. We are compelled to take the records in appeals as they are made by the trial courts. That the order was not erroneously made, upon the facts presented, appear to us to be very plain.

II. There was a conflict in the evidence as to whether the note was executed on Sunday, and upon the question of usury. We do not understand that this is seriously questioned by the plaintiff. Upon the question of former adjudication as to the alleged payments,

2. FORMER adjudication: how proved.

the plaintiff introduced the petition and answer in the former case. He offered in evidence an instruction given by the court to the jury in that case. This was objected to by the defendant. The objection was sustained. One ground of the objection was that it had not been shown what the verdict of the jury was in that case. The plaintiff did not offer the verdict nor judgment in evidence, nor state, when he offered the instruction objected to, that he would proceed to offer the whole record. We think that the ruling of the court was correct. If the plaintiff relied upon an estoppel by judgment, he should have introduced the verdict and judgment in evidence.

III. The principal contest upon the trial was as to the consideration for the note,—whether it was void by reason of the alleged fraud of the plaintiff in procuring the defendant to execute it. The investigation involved the business of a partnership between the parties for several years in dealing in, and feeding live-stock. The parties kept no regular partnership books. The plaintiff claimed to keep the accounts of the partnership. He also kept a diary of his every-day transactions, parts of which were introduced in evidence. Many other collateral facts were presented to the jury. Complaint is made that the court erred in certain rulings made upon the admission and exclusion of evidence. Our examination of these rulings has led us to the conclusion that they were not erroneous. It would be wholly unnecessary to set out these different exceptions. It would require an attempt to explain about all the evidence in the case in order to make our rulings intelligible.

Objections were made to certain instructions given by the court to the jury, and to the refusal to give instructions requested by the plaintiff. These objections are urged in argument. They are, for the most part, founded upon the thought that, while they do not state incorrect propositions of law, they are given upon a state of facts of which there is no evidence. Most of the instructions asked and refused

were, in substance, embodied in the instructions given. We may say, generally, that we find no error in the instructions given, nor in the refusal to give those requested to be given. Our examination of these questions has required us to give the whole evidence in the case a very careful consideration. This has been no slight undertaking. It is very voluminous. The disagreement in the abstract has compelled us to examine the transcript. This also has been made necessary by the fact that it is claimed with great confidence that the verdict is directly contrary to the evidence, so far as the question of fraud is involved. Counsel for plaintiff denounces the judgment as a "piece of legal robbery that arbitrarily, and without the shadow of an excuse, deprived the plaintiff of as valid a claim as was ever evidenced by a promissory note." On the other hand, counsel for the defendant claims that it is "clear and perfectly manifest that there should have been a verdict for the defendant." We cannot set out and discuss the evidence. We deem it sufficient to say that, under the rules so often applied in considering the sufficiency of evidence, the verdict ought not to be disturbed.

AFFIRMED.