CORLISS v. CONABLE *et al.*

1. **Practice**: FILING PAPERS: WHAT SUFFICIENT. The depositing of papers with the clerk of a court, as records in a cause, is a legal filing of the papers, whether he indorses them as filed or not. (See *State v. Guisenhause*, 20 Iowa, 227, and *State v. Briggs*, 68 Iowa, 416.)

2. **Appeal**: PRACTICE: AFFIDAVITS TO VARY TRANSCRIPT. Where a transcript filed in this court appears to be full and complete, with a proper certificate to the evidence, and it is duly certified by the clerk of the trial court to be a "full, complete and perfect transcript," it cannot be varied or changed by affidavits of the clerk of the trial court, or others, to the effect that the judge's certificate and the short-hand reporter's extension of his notes have not been filed in the court below.

3. **Former Adjudication:** AS TO WHETHER DEEDS WERE MORT-
GAGES: FACTS CONSTITUTING. In 1867, S. was indebted to C., and
conveyed to him, by deeds which were absolute on their face,
certain lands. A few days afterwards H. recovered judgment
against S., and had execution thereunder levied on the land as the
property of S. Thereupon C., in an action in which S. was a
defendant, enjoined the sale of the land, and H. in his answer set
up, among other things, that the conveyances were given only to
secure debts, and were mortgages in equity. On this issue the
court in that action found for C. against all the defendants,
including S. In 1884, S. sought to establish, in this action, that
the deeds were mere mortgages, and asked for an accounting.
*Held* that the adjudication against him, above referred to, was
conclusive as to that point, in the absence of any clear and satis-
factory showing that it was obtained by fraud.

4. ——: SUFFICIENCY OF ORIGINAL NOTICE. In such case, the notice
addressed to S., in the suit brought by C., stated that the petition
demanded an injunction restraining the sheriff from selling the
land, and a decree " that the property of C. be not liable for the
debts of S." *Held* a sufficient statement to notify S. of the nature
of the action, and to bind him by the adjudication that the land
belonged absolutely to C.

5. **Specific Performance:** ORAL CONTRACT TO RECONVEY: EVI-
DENCE. Plaintiff claimed (1) that certain deeds, absolute on their
face, made seventeen years before, were mortgages in fact, and
(2) that defendant at the time orally agreed to reconvey to her when
the debt was paid ; but, having failed to establish the first proposi-
tion, *held* that she was in no position to ask for a specific perform-
ance of the alleged oral agreement.

*Appeal from Buchanan Circuit Court.*

FILED, MARCH 8, 1888.

THIS is an action in chancery by which the plaintiff
seeks to compel the defendant, Rufus Conable, to convey
to her certain real estate in pursuance of an alleged oral
contract made by said Conable with the plaintiff.
After the action had been pending for some time, O. C.
Searles was permitted to intervene therein, and filed a
petition in which he claimed that certain conveyances
made by him to Conable, although in the form of war-
ranty deeds, were in truth and fact mortgages given by
him as security for the payment of money owing by him
to Conable. He averred in substance that the money
which the deeds were given to secure was paid, and that

he was entitled to redeem the land. Issues were joined upon these respective claims, and after a full hearing the court dismissed the petition of the plaintiff, and found and decreed that the deeds were in fact mortgages, and that the intervenor had the right to redeem therefrom upon the payment of a certain sum of money. The plaintiff and the defendant Rufus Conable appeal.

*Boies, Husted & Boies*, for plaintiff.

*Lake & Harmon*, for Rufus Conable.

*Woodward & Cook*, for appellee.

ROTHROCK, J.—I. The first question demanding attention is a motion in behalf of the appellee, setting forth that the evidence upon which the cause was tried in the circuit court has not been made of record and certified by the judge who tried the case, and that the appeal should, therefore, be dismissed. An abstract of what purported to be the record and evidence duly certified by the judge was filed by appellants in May, 1887. At the June term, 1887, of this court appellee filed an additional abstract, in which certain amendments were made to the abstract filed by appellants. This additional abstract consisted of some sixteen pages of correction and amendments to the evidence, and it did not deny that the two abstracts completed the record for trial in this court. In August, 1887, appellee served his argument, and preceded it by a short statement called an "additional abstract," denying that the abstracts and amendments contained all the evidence. The motion to dismiss was filed October 3, 1887, and it is founded on an affidavit of the clerk of the court below, to the effect that certain evidence and the certificate of the judge have never been filed in the clerk's office. We have a complete transcript of the case, and, upon an examination thereof, think the cause is properly here for trial, and the motion to dismiss must be overruled. The affidavit of the clerk is to the effect that the judge's certificate was not filed, and that the short-hand reporter's

1. PRACTICE: filing papers: what sufficient.

Corliss v. Conable.

extension of the original notes of the evidence has not been filed. He evidently means by this that they are not endorsed as filed. There is no showing that they were not deposited with him as records in the case, and, if they were, this is a sufficient filing. *State v. Guisenhause*, 20 Iowa, 227; *State v. Briggs*, 68 Iowa, 416. Moreover, the clerk authenticated the transcript

2. APPEAL: practice: affidavits to vary transcript.

with a certificate stating that it is a "full, complete and perfect transcript of the record and pleadings in the cause, as fully as the same remain on file and of record in my office, together with all the original evidence and exhibits offered and introduced in evidence in said action." So far as the transcript appears upon its face, it is full and complete, with a proper certificate to the evidence, and it cannot be varied nor changed by affidavits filed in this court by the clerk or by any other person.

II. The property in controversy consists of a farm situated in Fayette county, and a lot in the city of

3. FORMER adjudication: as to whether deeds were mortgages: facts constituting.

Independence, Buchanan county. O. C. Searles, the intervenor, was the owner thereof, and in the month of October, 1867, conveyed the same by warranty deeds to the defendant, Rufus Conable. The plaintiff, Lucy H. Corliss, was then the wife of said Searles, and she joined in said conveyance, and thereby released her inchoate right of dower in the lands. Some time after the execution of these conveyances, the plaintiff commenced an action for a divorce from her husband, which action, after pending for some time, came to a final decree, in which the plaintiff was granted a divorce and alimony in the sum of nine hundred dollars, which was fully paid. She has since married one Corliss. Prior to the conveyances in question, Searles and Rufus Conable had been engaged in business together for several years. It does not appear that they were general partners, but they were concerned in joint enterprises in the purchase and sale of live stock. Their business transactions continued for years, and involved the use of considerable sums of money. Searles was at that time addicted to

the excessive use of intoxicating liquors, which seriously affected his capacity for business, and in all the joint transactions in which the parties engaged it appears that Conable was regarded, and in fact was, the responsible party, and furnished the money and credit necessary to carry out their joint enterprises. In October, 1867, Searles was indebted to Conable in quite a large amount. Searles, in his testimony in the case, states that the amount of their indebtedness at the time the deeds were made exceeded four thousand dollars. Conable, in his testimony, fixed the amount at between five and six thousand dollars. The deeds were executed, delivered and recorded, and the transaction, upon its face, shows a complete title in Conable, and no claim in the way of any proceeding affecting Conable's title was made by any of the parties until the commencement of this suit in the month of June, 1883, a period of nearly seventeen years after the conveyances were made. The plaintiff claims that at the time the deeds were made Conable entered into an oral agreement with her that, in consideration of her signature to the deeds, he would convey the property to her when the debt from Searles to him should be fully paid. She claims that the debt has been paid by rents arising from the property, and ·otherwise ; or, if not fully paid, she demands an accounting and a sale of sufficient of the property to pay any balance there may be due to Conable, and a conveyance of the residue to her in fulfillment of her alleged oral contract. Conable answered the petition by asserting his absolute ownership of the land under the conveyances, and denying the alleged oral contract. In October, 1884, eighteen years after the deeds were made, O. C. Searles appeared in the action and filed his petition of intervention, in which he claimed that the deeds for the land were intended by the parties thereto as mortgages, and that there was an oral agreement between him and Conable that when the debt was paid Conable was to reconvey the land to him. He alleges that the debt has been paid, and he demands an accounting and a decree for the property. He denies the claim of Lucy

Corliss to the land, and demands a decree to the effect that she has no interest in the land. Before these conveyances were made, there was a suit pending in the Buchanan district court by one Hillman against Searles, and a few days after the date of the deed to the Fayette county farm a judgment was rendered in said suit in favor of Hillman and against Searles for the sum of two hundred dollars damages and one hundred and nine dollars costs. Hillman caused a transcript of this judgment to be filed in Fayette county, and an execution to be issued and levied upon the farm, and the same was advertised for sale in payment of the judgment. Thereupon, Rufus Conable filed a petition in the Fayette district court, in which he demanded an order enjoining the sale of the farm on the ground that he was the owner thereof. O. C. Searles was named as a party defendant in the petition, and it was averred therein that Searles had no right, title or interest, legal or equitable, in said land. The record shows that Searles did not appear in the action, and a default was entered against him. Hillman filed an answer in which he claimed, among other things, that the deed was made with intent to hinder, delay and defraud him, by preventing him from collecting his judgment; that the deed was in the nature of a mortgage, and that the amount secured thereby was less than the value of the farm. There was a trial had and a decree upon the merits in favor of Conable and against all of the defendants named in the petition. Searles was a witness for Conable in that suit. It does not appear what his testimony as a witness was. This record was pleaded in the suit at bar as an adjudication of the claim that the deed to the farm was a mortgage. Searles, in reply to the alleged adjudication, denied any knowledge of the service of the original notice upon him in that action, and denied having any knowledge that he was a defendant in the case, and alleged that if any original notice had his signature, accepting service, the same was procured without his knowledge, when he was drunk, by fraudulently representing it to be some other paper. This record was introduced in evidence.

It appears therefrom that the name of Searles was signed to an original notice in the suit. It is claimed by counsel for Searles that the original notice upon which

4. ——: sufficiency of original notice. his name appears to an acceptance of service was insufficient in stating the nature of the claim to support a decree by default against him. The notice was addressed to Searles, and it stated that the petition demanded an injunction restraining the sheriff from selling certain real estate, and a decree "that the property of Rufus Conable be not liable for the debts of O. C. Searles." It appears to us that this is a pertinent and comprehensive statement of just what the plaintiff in that action demanded in his petition. There can be no doubt that it was as explicit as is demanded by any legal requirement. When this record was pleaded, it was upon its face a full, complete and perfect adjudication between Conable and Searles that the conveyance of the land was absolute, without any condition or reservation, and that Searles had no equity remaining therein. It was incumbent on Searles to show in some legal manner that the decree was not an adjudication against him. This he did not do. Possibly, if he had shown that his signature to the acceptance of service of the original notice was a forgery, he might have avoided the effect of the decree. But this we need not determine. The record was proved by certified copies of the pleadings, original notice and decree. The copies were competent evidence, and it was incumbent on Searles to show that the signature to the original notice was not his signature. It is true, he testified that he never signed any paper in that case but his deposition or written testimony, and that he did not know he was a party to the suit. It is enough to say that, if judgments and decrees are allowed to be collaterally attacked by the oral testimony of unsuccessful parties thereto, after a lapse of some fifteen to eighteen years, it might as well be held that the most solemn records are of no more consequence than the mere memory of men. We think the circuit court should have held that this decree estopped Searles from setting up any claim

that the deed to the farm was intended as a mortgage. This disposes of the claim of Searles to the farm, and it is a most potent factor in determining whether the deed to the lot in Independence was intended as a mortgage. Searles claims that both the deeds were executed under the same arrangement, or contract. It having been judicially determined that one of them was a valid conveyance of a complete title, while it may be true that the two transactions were not so far identical as that an adjudication as to one would be a complete adjudication as to the other, yet, under the circumstances, it would require a very strong showing that the deed to the lot was intended as a mortgage. It would unduly extend this opinion to set out and discuss the evidence on this question. It is very voluminous. In view of the fact that this is an attempt to nullify conveyances of land made many years ago, by parol evidence that the same were intended as mortgages, and in view of the well-known and universally recognized rule of the law that, to effect this, the evidence must be clear, satisfactory and conclusive, we think the intervenor has failed to make such a case as demands any relief from a court of chancery.

III. As we have seen, the claims of plaintiff and the intervenor are antagonistic to each other. They both agree, however, that the deeds were intended to operate as mortgages to secure the debts due from Searles to Conable. The plaintiff, in her testimony, claims that the land was to be reconveyed to her, and Searles, in his testimony, denies that there was any such contract. It will be observed that the plaintiff's claim is based upon the theory that the deeds were not absolute conveyances of the title. We have found that the evidence fails to show that such was the fact. It is conceded by her counsel that, if the intervenor is entitled to redeem, the plaintiff has no right to any relief. But it is contended that the plaintiff has the right to the specific

*5. SPECIFIC performance: oral contract to reconvey: evidence.*

performance of her alleged parol contract if the intervenor has not shown that he has a right to redeem the land. It appears to us that this position cannot be maintained. In order to entitle the plaintiff to the relief demanded, she must establish by clear, competent and satisfactory evidence that the deeds did not invest Conable with the absolute title to the property. We think she has failed to do this, and if she fails in this she cannot claim that, the sales and deeds being absolute, she can enforce an oral promise to convey to her upon the payment of the debt of her late husband. If the conveyances were what they purport to be, there was no such debt to be paid by Searles.

We have disposed of this case without citing authorities. There are but two questions of law involved: (1) The legal effect of the adjudication, and whether the same can be collaterally attacked by Searles, and (2) the character of evidence necessary to overturn an apparently perfect legal and equitable record title to real estate. Both of these rules are so elementary and well understood by the profession, that we have not thought it necessary to do more than state them. The decree dismissing the plaintiff's petition is affirmed, and that part of the decree which permits the intervenor to redeem is REVERSED.