GILBERT BARBER v. JOHN SCOTT, Appellant.

Malicious Prosecution: PROOF THAT THERE WAS NO PROBABLE CAUSE. In Iowa a conviction of plaintiff, though obtained without fraud and without false testimony on the part of prosecutor, is not *conclusive* of probable cause for the prosecution complained of, but such conviction establishes probable cause, unless overcome. The weight to be given the judgment of conviction depends upon whether the trial was full and fair. Waiving preliminary examination, indictment, and disagreement of one jury after deliberating twenty-seven hours, is evidence of probable cause though inferior in weight to conviction after full and fair trial. But a verdict for plaintiff will stand notwithstanding such proof, if jury could find that prosecutor had full knowledge of all material facts on which prosecution is based and knew they were insufficient to maintain it.

SAME. On the issue of probable cause, plaintiff may state, in explanation of the disagreement of a former jury, that on that trial mental distress prevented his recalling material facts and giving his attorneys a full history of his case.

EVIDENCE: RELEVANCY. On the question whether there was anything due on a mortgage which was the basis of the arrest complained of, it may be shown, in support of plaintiff's claim that certain corn in the field was by him sold to defendant, that defendant's cattle destroyed some of said corn.

Practice in Supreme Court: BILL OF EXCEPTIONS. The shorthand report certified by judge and reporter, filed in time sufficient, is a bill of exceptions, though a formal, independent bill is filed after the time allowed for it.

SAME: ALTERATION OF CERTIFICATE. Where the date affixed to the judge's certificate makes the bill timely, it can not be defeated by affidavits filed in this court, charging that an erasure appears, and that the bill was, in fact, signed too late. All corrections must be made below.

SAME: CONTINUANCE. While time will be given to obtain correction, it will not be done, after submission on the merits, where the state of the record was known before the submission.

*Appeal from Story District Court.*—HON. J. L. STEVENS, Judge.

THURSDAY, OCTOBER 11, 1894.

ACTION at law to recover damages for an alleged malicious prosecution. There was a trial by jury, and a verdict and judgment for the plaintiff. The defendant appeals.—*Affirmed.*

*Gatch, Connor & Weaver* for appellant.

*E. L. Green, J. C. Cook* and *J. F. Martin* for appellee.

ROBINSON, J.—On the twentieth day of June, 1884, the plaintiff made to the defendant two promissory notes for the sum of one hundred and sixty-eight dollars and seventy-five cents each, with interest thereon at the rate of ten per cent per annum after maturity. The first was due on the first day of January, 1885, and the other, two months later. They were given for rent of a farm owned by the defendant and occupied by the plaintiff. To secure the payment of the notes the plaintiff executed to the defendant a chattel mortgage on certain stock. In December, 1885, the plaintiff moved to Kansas, taking with him a portion of the mortgaged property. In October, 1886, the defendant, claiming that the mortgage debt was unpaid, filed with a justice of the peace of Story county an information, which charged the plaintiff with the crime of larceny in concealing and removing from the county and disposing of a part of the mortgaged property. A warrant for his arrest was issued, and placed in the hands of an officer for service, and such proceedings were had that the plaintiff was arrested in Kansas, and enough of the mortgaged property was there taken and sold to pay the amount which defendant claimed to be due on the notes. After having been kept in Kansas about ten days, the plaintiff was brought back to Story county to answer the information. Upon being brought into the justice's court, he waived examination, and was required to appear and answer at the next term of the district court, his bail

being fixed at the sum of three hundred dollars. Having failed to give the required bail, he was committed to the county jail, in which he was kept until the last of the next March. The grand jury of the county returned an indictment against him for the offense charged, and he was placed on trial for it twice. The first trial resulted in a disagreement of the jury, and the second in a verdict of acquittal. This action was brought to recover the sum of ten thousand dollars as damages alleged to have been caused by the prosecution of the plaintiff as stated. There were three trials in the district court. The first one resulted in a verdict for nine hundred and ninety-seven dollars and twenty-three cents in favor of the plaintiff, which was set aside on account of an error in the charge to the jury. The second resulted in a verdict for the plaintiff in the sum of two thousand dollars, which was set aside on the application of the defendant for error in the charge. The third trial resulted in a verdict and judgment for the plaintiff in the sum of three thousand dollars.

I. This is the second submission of this cause in this court. 55 N. W. Rep. 502. On the first submission a motion of the appellee to strike from the record the bill of exceptions, and affirm the judgment of the district court, was sustained. A petition for rehearing was filed and sustained. Other motions have been filed, and arguments made, and the cause is again submitted for our determination.

The judgment of the district court was rendered on the tenth day of March, 1891. Thirty days were allowed the defendant by the court in which to prepare and file a bill of exceptions. On the tenth day of April, 1891, a formal bill of exceptions was filed. On the second day of the next month an appeal was taken by the defendant. One week later, the appellee filed in this court a motion to strike from the record the bill of

exceptions, and affirm the judgment of the district
court, on the ground that the bill of exceptions had not
been filed within the time fixed by the court, and no
exception had been taken by the appellant to any
ruling or order made nor to the judgment rendered by
the district court.   The motion was supported by a par-
tial transcript of the record, but was resisted by the
appellant on the ground that the shorthand reporter's
official report of the trial, duly certified, was filed
on the twenty-sixth day of February, 1891, and consti-
tuted a sufficient bill of exceptions, even though the
formal bill was filed too late.   The motion of appellee
to strike and dismiss was thereupon withdrawn, and
the cause was continued.   The motion was renewed at
the October term, 1892, and numerous papers in sup-
port and resistance of it were filed, and all were
submitted with the cause at the January term, 1893.
The motion was sustained on that submission on the
ground that the bill of exceptions of April 10, 1891, was
not filed in time.   A rehearing was granted, to permit
a further examination of the questions presented by
the motion and resistance, and for such further action
in the case as should be deemed proper.   We remain
satisfied with the conclusion we reached on the first
submission,—that the formal bill of exceptions can not
be regarded, because it was not filed within the thirty
days fixed by the order of the court.   See *Templin v.
Bank*, 69 Iowa, 149, 28 N. W. Rep. 484; *McCarthy v.
Watrous*, 69 Iowa, 261, 28 N. W. Rep. 586; *Coal Co. v.
Smith*, 68 Iowa, 561, 27 N. W. Rep. 746; *McFarland v.
Folsom*, 61 Iowa, 117, 15 N. W. Rep. 863; *Cobb v.
Chase*, 54 Iowa, 196, 6 N. W. Rep. 264.   But
the appellant insists that a sufficient bill of excep-
tions was filed on the twenty-sixth day of Febru-
ary, 1891, and whether that is true is a question which
was overlooked by us on the first submission, and is
now presented for our determination.   The records of

the district court show that on the date named there
was filed in the office of the clerk of the district court
the notes of the trial made in shorthand by the official
reporter of the court. As the record now exists it shows
that the notes were duly certified by the trial judge and
by the reporter, and that the report and certificates
constitute a sufficient bill of exceptions, within the rule
announced in *Fleming v. Stearns*, 79 Iowa, 256, 44 N.
W. Rep. 376, and the cases therein cited. But it is
insisted that when the report was filed it had not been
certified by the trial judge, and that the certificate now
attached to it was signed by him more than six weeks
after the report was filed, and was then wrongfully
attached to the report. The certificate of the judge,
excepting the signature, is in typewriting. Just below
the signature is the following, in typewriting like that
of the certificate: "Signed this ——— day of ———,
A. D. 1891." The blanks in this date line appear to
have contained something at one time which has been
erased, although the characters "26th," in the first
blank, can now be discerned.

To sustain his claim that the certificate was fraud-
ulently attached to the report, the appellee has submit-
ted the affidavits of his attorneys, which tend to show
that thirty-one days after the adjournment of the court
which rendered the judgment in question they exam-
ined the report, and that no certificate of the judge was
then attached to it. The affidavit of the reporter is
also submitted, and tends to show that the certificate
of the judge was signed six weeks after the adjourn-
ment of court. When an official document is found in
the custody of the officer charged with the duty of pre-
serving it, the presumption arises that it remains in the
condition in which it was when the officer received it.
In the absence of proof to the contrary, it must be pre-
sumed that all papers now attached to the notes of the
shorthand reporter, including certificates, were so at-

táched before the notes were filed.    But it is said that
that the evidence submitted in this court shows clearly
that the record originally made has been changed by
an unauthorized and fraudulent addition thereto, made
since the filing.    What weight should be given to evi-
dence of that character now before us, if it could
be received, we need not determine.    It is not
claimed by any one that the addition was made
in this court, and the instruments in question consti-
tute a part of the records of the district court.    It is
well settled that it is not competent to contradict, vary,
or extend the record of the district court by certificates
or affidavits filed in this court.    *McArthur v. Schultz*,
78 Iowa, 365, 23 N. W. Rep. 223, and cases therein
cited; *Rosenbaum v. Partch*, 85 Iowa, 409, 52 N. W.
Rep. 181; *Blanchard v. Devoe*, 80 Iowa, 522, 45 N. W.
Rep. 911; *Corliss v. Conable*, 74 Iowa, 60, 36 N. W.
Rep. 891.    If a record of the district court is defective,
the defect can not be corrected in this court, but
only on application for that purpose made to the
district court.    On a sufficient application, this
court will continue a cause to enable that court to per-
fect its records.    See *Reynolds v. Sutliff*, 71 Iowa, 549,
32 N. W. Rep. 502; *De Wolfe v. Taylor*, 71 Iowa, 648,
33 N. W. Rep. 154.    The certificate of the trial judge
appears to have been filed with the shorthand report of
the trial, and, if it was, the report as certified is a suffi-
cient bill of exceptions.    The evidence offered by the
appellee to contradict the record as it now appears is
not competent for that purpose, and the motion to
strike and affirm must be overruled.

After the rehearing was granted the appellee filed
a motion to strike the evidence from the files, based in
part upon a showing filed since the first sub-
mission, and a request, in case that should be
overruled, that the transcript should be sent to
the district court with an order requiring a correct

transcript of the record, and with a further request that, in case the order should be refused, a continuance be granted, to give the district court an opportunity to examine, and, if found imperfect, to correct, its records.

Applications for a continuance for the purpose stated should be considered before the cause is submitted on its merits. In this case it should have been made before the first submission of the cause. A rehearing after opinion filed is not, as a rule, granted to permit the correction of the record, but to give this court an opportunity to correct any error it may have committed in the decision it has rendered. *McDermott v. Railway Co.*, 85 Iowa, 191; 52 N. W. Rep. 181. It is said this case is exceptional, for the reason that Mr. Green, the attorney to whom was intrusted the chief part of the work required for a submission of the case in this court, was prevented from giving to it the required attention on account of the sickness of himself and his wife. It is shown that Mrs. Green died in May, 1893, and that Mr. Green died in August of the same year. For nearly a year before her death he gave to her much attention, and for nearly five months before that event she needed constant care. The appellee claims that the certificate in question was not attached to the shorthand report within the time given for filing a bill of exceptions, and supports the claim by the affidavits of two attorneys who examined the report thirty-one days after the adjournment of court. He knew in May, 1891, that the appellant relied upon the report as it now appears of record, and when that fact was made known to him by the resistance filed to his motion, instead of asking for time in which to have the record corrected, he withdrew his motion, and did not renew it until October, 1892. No reason is shown for the failure of appellee to have the record of the district court corrected during that time. We are of the opinion that

no sufficient cause is shown for giving the appellee further time in which to have the record corrected, and his request, therefore, must be denied. The shorthand reporter's notes as certified will be regarded as a sufficient bill of exceptions, and the cause will be decided on its merits.

II. The court charged the jury that the burden was on the plaintiff to establish by a preponderance of the evidence that the criminal prosecution against him was begun by the defendant with malice, and without probable cause. On the question of probable cause the jury were instructed that they should consider the fact that the jury disagreed on the first trial of the plaintiff; that the disagreement raises a presumption that the prosecution was begun with probable cause; and that, unless that presumption had been overcome, they should find that there was probable cause. They were also instructed that his subsequent acquittal could not be regarded as explaining or overcoming the presumption, nor as evidence of want of probable cause. They were also instructed that the fact that the plaintiff waived a preliminary examination, and the further fact that he was indicted, were *prima facie* evidence of probable cause, and that unless it was overcome by affirmative evidence, showing want of probable cause, they should find for the defendant.

The appellant contends that none of the presumptions specified in the charge were overcome. It is the general rule that in an action for malicious prosecution, proof of the conviction of the person charged with the crime is evidence of probable cause, and some authorities hold that in the absence of fraud in procuring the conviction it is conclusive. *Crescent City Live-Stock Landing & Slaughterhouse Co. v. Butchers' Union Slaughterhouse & Live-Stock Landing Co.*, 121 U. S. 141, 7 Sup. Ct. 472; *Cloon v. Gerry*, 13 Gray, 201; *Boogher v. Hough*, 99 Mo. 184, 12 S. W. Rep. 524;

*Adams v. Bicknell*, 126 Ind. 211, 25 N. E. Rep. 804, and cases therein cited; *Phillips v. Village of Kalamazoo*, 53 Mich. 33, 18 N. W. Rep. 547; *Smith v. Macdonald*, 3 Esp. 7; 14 Am. and Eng. Encyclopedia of Law, 66; 2 Greenl. Ev., sec. 457. This court has not adopted the rule that the conviction of the accused, if not procured by fraud, is conclusive evidence of probable cause. It was said in *Moffatt v. Fisher*, 47 Iowa, 474, that the weight to be given to a judgment which is evidence of probable cause depends upon the character of the trial, whether it was full and fair. ˙ That rule was followed in *Arnold v. Moses*, 48 Iowa, 694. See, also, *Olson v. Neal*, 63 Iowa, 216, 18 N. W. Rep. 863. In *Bowman v. Brown*, 52 Iowa, 437, 3 N. W. Rep. 609, it was said that if a person institutes a prosecution maliciously and without probable cause, he is liable even though he did not testify falsely in the case. Proof ·of conviction would be evidence of probable cause sufficient to establish it, if not overcome. In this case the plaintiff was not convicted, but his act in waiving a preliminary examination, his indictment by the grand jury, and the disagreement of the jury on the first trial after deliberating twenty-seven hours, constituted evidence of probable cause, although not of so high and satisfactory a character as a judgment of conviction after a fair trial would have been. We are of the opinion, however, that there was evidence from which the jury might have found that the defendant did not have probable cause to commence the criminal prosecution. The plaintiff testifies that he made an arrangement with defendant, while occupying his farm in the year 1884, to do certain work on the farm, and to furnish to the defendant and to one Remna, who was to occupy the farm the next year, grain and other supplies, to deliver certain grain on the premises, and that for the work to be done and supplies to be furn-

ished he was to have credit on the notes; that work was done, grain delivered, and supplies of various kinds furnished, including a cow and hog, to the value of more than the amounts due on the notes; that before moving to Kansas he made repeated attempts to have a settlement with the defendant, and obtain the notes and mortgage, but that he could not obtain one; that he caused a statement of payments he claimed to have made on the notes, to the amount of four hundred and sixty-four dollars, to be sent to the defendant; and that, after he had started for Kansas, he made a final attempt to effect a settlement, but failed. Some of this testimony is corroborated by other testimony. If it is believed, the notes were fully paid before the plaintiff moved from Story county, and the defendant was chargeable with knowledge of that fact. He knew, when he filed the information, that the plaintiff claimed that the notes were fully paid, and he knew that the claim was well founded, and that the crime of larceny had not been committed, if the plaintiff tells the truth. If he does, his waiver of a preliminary examination, his indictment by the grand jury, and the disagreement of the first trial jury would not constitute a defense in this action, even though the defendant did not appear before the grand jury, nor testify falsely before the trial jury. In other words, if a person instituting a criminal prosecution has full knowledge of all material facts on which it is based, and knows that they are not sufficient to maintain it, the facts that the accused waives a preliminary examination, that he is indicted by the grand jury, and that a trial jury disagrees as to his guilt will not constitute a defense to an action for malicious prosecution, even though he does not appear before the grand jury, nor give false testimony on the trial. To rebut the presumption which arose from the disagreement of the jury on his first trial, the plaintiff

states that, after he was brought back from Kansas, he suffered great mental distress, and that the condition of his mind on that trial was such that he could not recall material facts, and was unable to state to his attorney a complete history of the case. His testimony to that effect is corroborated by his attorney, and tends to overcome the presumption stated.

III. The appellant complains of the admission of evidence to show that stock owned by the defendant and his tenant, Remna, destroyed a considerable amount of corn which had been left in the field by the plaintiff, on the ground that there was no agreement that the damages caused by the loss of the corn were to be applied in payment of the notes. The plaintiff testifies that by agreement between himself and the defendant, thirty acres of corn, including that destroyed, were sold to the defendant, and delivered to him in the field, and that its value was to be applied on the notes. The testimony to which objection is made was properly admitted to show the facts in regard to the corn, and what became of it. The appellant also complains of testimony of the plaintiff in regard to his mental condition at the time of his first trial under the indictment. We think the testimony was competent.

IV. The jury found specially that the plaintiff was not indebted to the defendant on the notes and mortgage in question when the mortgaged property was removed from Story county to Kansas; that the defendant, when he commenced the criminal proceedings, did not have sufficient ground to authorize a reasonably prudent man to believe that plaintiff was guilty of the offense charged; and that the defendant acted with malice in commencing the proceedings. The appellant discusses at considerable length the evidence, and insists that it shows that there was a substantial balance due him on the mortgage debt when the criminal proceed-

ings were instituted. The amount claimed by him is about seventy dollars. The plaintiff claims that the defendant has received on account of the notes nearly five hundred dollars, or about one hundred and fifty dollars more than their aggregate amount. The defendant admits payments in oats, corn, stock, and the proceeds of stock, made before the mortgaged property was taken to Kansas, to the amount of two hundred and seventy dollars and sixty cents. The plaintiff claims credit for more grain at higher prices than those the defendant has allowed him. In addition, the plaintiff claims credit for services rendered in hauling and building fences, for potatoes, hay, and straw, for one hog and one cow, for threshing, for corn destroyed by stock, and for other items. The defendant denies all liability for the credits so claimed. It is unnecessary to set out the evidence in regard to the disputed items. It is conflicting, and some of it does not appear to us to be entirely satisfactory; but, if that for the plaintiff is credible, he had fully paid the notes before he removed the mortgaged property from Story county.

V. The appellant insists with much earnestness that the verdict is not sustained by the evidence, and we are of the opinion that there is much in the record which tends to justify the claim. Some of the testimony of the appellee is contradictory, and to some extent unreasonable. Witnesses testify that he admitted a small balance to be due the appellant at the time the mortgaged property was taken to Kansas. Much of his testimony is contradicted by that of disinterested witnesses, and there is reason to doubt some of it. But all these matters were before the jury for consideration. Three juries have decided in favor of the appellee, and under long-established and well-known rules of practice we are not authorized to disturb the judgment for want of evidence to sustain the verdict. What we have said disposes of the controlling questions in the case. On

account of the character and importance of the case we have given it most careful consideration, but do not find any sufficient reason for reversing the judgment of the district court. It is, therefore, AFFIRMED.