37 635<br>78 366

---

## BARTLE v. CITY OF DES MOINES.

1. **Practice:** ON APPEAL: AMENDMENT OF RECORD. The transcript or record of the court below cannot be added to or amended in the supreme court, either upon the certificate of the judge who tried the case, or upon affidavits. The review must be had on the record as made in the court below.

2. —— FILING BRIEFS. Failure of either party to file a brief in the supreme court within the time prescribed, constitutes no ground for striking the brief from the files, but simply deprives the party in default of the right to argue the case orally.

*Appeal from Polk District Court.*

SATURDAY, DECEMBER 13.

Per CURIAM. — A motion is made by the appellee to strike from the files of this court a certificate of the judge of the district court, dated December 4, 1873, and certain affidavits of attorneys and others, setting out that the bill of exceptions signed by the judge on the 30th day of July, 1873, contains all of the evidence introduced by both parties upon the trial of the cause in the district court, which occurred on or before that day, and that

1. PRACTICE.

the instructions set out in said bill of exceptions are all of the instructions that were given to the jury upon the trial of the cause, and that it was the intention of the proof to show these facts, and if they are omitted in the bill of exceptions it resulted from oversight.

The motion must be sustained. This certificate and affidavits constitute no part of the record in this cause without the consent of the parties to that effect. Appeals to this court are based upon the records of the cause remaining in the court from which they are brought. These show the facts upon which the cause is to be removed here, and it is not within our authority and power to change, add or take aught from them. We have no jurisdiction to correct mistakes or supply omissions in such records. The reasons of this rule are obvious. Our judgments are based upon the records of the courts rendering the judgments appealed from; we cannot permit records to be made in this court upon which to review the actions of the inferior courts. The evil results of a contrary rule are apparent. There would be no end to questions and issues involving the correctness of the records brought here, and no record would be exempt from attacks in this way.

The certificate of the proof before us is no part of the record of the court below; it was made after the case was disposed of there, and after the time had expired in which he is authorized to sign a bill of exceptions, and is not therefore a part of the proceedings in the cause.

In support of the doctrines above announced, see *State* v. *Glover*, 3 G. Greene, 249 ; *Claggett* v. *Gray*, 1 Iowa, 19 ; *The State ex rel., etc.,* v. *Jones*, 11 id. 11. These doctrines have been recognized in numerous decisions of this court upon motions and the like, which are not found in the reports.

Appellee also moves to strike from the files the printed argument of counsel for the appellant, on the ground that it was not filed until December 8th, being the eighth day of the present term.

2. —— filing briefs.

Amended rules 61 and 62 provide that appellant's counsel shall not be permitted to argue the cause orally until fifteen

days after he has served upon appellee's counsel a copy of his printed argument, or brief, of points and authorities. If he fails to serve his points and authorities upon appellee when the cause is docketed, appellee may serve his brief of points and authorities, and if this be done five days before the case is called, may argue the case orally. To entitle appellant to argue orally he must serve his printed brief or argument fifteen days before the cause is submitted; and appellee's brief must have been served five days before that time to entitle him to the same right.

But a failure to file the brief of either party at the times prescribed does not authorize us to strike the briefs from the files. It simply deprives counsel in default of the right to present oral arguments. When the cause is called peremptorily, the counsel who has served his brief on the opposite party for the term prescribed will be heard orally, if he so desires. The cause will then be submitted upon the briefs and arguments in print, filed by the counsel not in default.

In all cases proper evidence of service of briefs and arguments must be filed with the clerk.

The motion to strike appellant's printed brief and argument from the files is overruled.