THE CITY OF INDEPENDENCE v. PURDY.

1. **Practice:** CERTIFICATE OF JUDGE: APPEAL.   The certificate of the trial judge, contemplated by section 3173 of the Code, must be made before the adjournment of the term at which the judgment is rendered.

*Appeal from Buchanan Circuit Court.*

WEDNESDAY, JUNE 12.

THE amount in controversy in this action, as shown by the

pleadings, is less than one hundred dollars. A demurrer to the answer was sustained. Defendant appeals.

*James Jamison* and *Lake & Harmon*, for appellant.

*E. Haines*, for appellee.

ROTHROCK, CH. J.—The appellee moves to dismiss the appeal, because the certificate required by section 3173 of the Code was not made at the time of the rendition of the judgment, and not until after the adjournment of the term of court at which the judgment was rendered.

1. PRACTICE: certificate of judge: appeal.

The motion must be sustained. The record shows that the demurrer was sustained on the 28th day of February, 1878. The defendant excepted, and was granted leave to amend his answer. It is further shown that special findings in writing, and a certificate of the judge that the demurrer involved "a principle of law that it is desirable to have the opinion of the Supreme Court," was filed March 6, 1878. An amended certificate was filed on the 9th day of March, 1878, setting forth the principles of law on which it was desirable to have the opinion of this court. It is conceded that the court below adjourned the term on the 28th day of February, 1878.

The appellant files, with his argument in reply, a certificate of the judge setting forth that the findings of fact and law, and the certificate, were made as soon as could be done conveniently after the term.

This certificate is no part of the record in the court below. It was made long after the cause was disposed of there, and is, therefore, not a part of the proceedings. Under the rule announced in *Bartle v. The City of Des Moines*, 37 Iowa, 635, we cannot consider it.

Counsel for appellee stipulated in writing to waive a transcript and submit the cause upon appellant's abstract, but reserved the right to move for a dismissal of the appeal.

Afterward it was deemed necessary, to properly present the motion, that there should be a transcript and an additional abstract, which appellee has filed. We think, in view of the stipulation, and in the further view that appellee is insisting upon a technical right which we feel bound to concede to it, the costs of the transcript and the additional abstract should be taxed to appellee, and it is so ordered.

The motion to dismiss the appeal is

SUSTAINED.