BRIER v. THE CHICAGO, BURLINGTON & PACIFIC R'Y CO.

1. **Appeal to Supreme Court:** TIMELY NOTICE TO CLERK NECESSARY. An appeal to this court cannot be maintained unless notice of the appeal is served on the clerk of the court below within the time prescribed by statute.

2. ———: WAIVER OF STATUTORY NOTICE BY APPEARANCE IN APPELLATE COURT: PRACTICE. A failure to serve notice of an appeal to this court upon the clerk of the trial court within the time required by the statute is not waived by the appearance of the appellee in this court, and the filing of papers relating to the merits of the case; especially when such appearance is made before the expiration of the time allowed for completing such service. On the other hand, motions to dismiss for such defects are frequently submitted in this court with causes presented upon their merits.

3. ———: NOTICE OF: ERROR IN: CORRECTION BY LOWER COURT. A notice of appeal to this court should be filed with the clerk below, and it is one of the original papers, and becomes a part of the record in that court; and it is subject to correction, on motion, in that court, within the time prescribed by statute. Code, § 3156.

*Appeal from Washington Circuit Court.*

WEDNESDAY, JULY 22.

*R. A. Sankey,* for appellant.

*A. H. Patterson & Sons,* for appellee.

BECK, CH. J.—I. The plaintiff moves this court to dis-

Brier v. The Chicago, Burlington & Pacific R'y Co.

miss the appeal upon the ground that the notice of appeal
was not served upon the clerk of the circuit court
within the time prescribed by the statute. A
similar motion was made at a prior term, which
was overruled upon the ground that the record
of the court below showed that there had been timely notice
of the appeal upon the clerk. Plaintiff had leave to take
proper measures to correct the record of the court below
according to the facts. An amended or further record and
abstract show that, in a proceeding instituted in the circuit
court, the record was so corrected as to show that the appeal
was not taken in the time prescribed by the statute. As the
case now stands upon the record before us, it appears that the
notice was not served within the time prescribed by law. We
cannot, therefore, entertain an appeal.

*1. APPEAL to supreme court : timely notice to clerk necessary.*

II. Counsel for defendant insist that the plaintiff, by
appearance in this court, has waived the want of notice upon
the clerk. This appearance was made in filing an
amended and additional abstract in the case. It
is also alleged that he served an argument upon
defendant. But these things were all done before
the time for service of notice upon the clerk had
expired. Plaintiff could have well supposed that the service
would be made upon the clerk within the time prescribed by
law, and his acts, therefore, ought not to be taken as a waiver
of notice to the clerk, which could have been made thereafter,
within the time required by law. The service of the notice
after the time fixed by the statute is not a mere irregularity
as to the form of the notice, or of the service. It amounts, in
fact, to want of the notice required by the statute. The decis-
ions of this court, cited by counsel, to the effect that appear-
ance will waive irregularity in process and service, are not
applicable to the case. Motions of this kind are quite fre-
quently submitted in this court with causes presented upon
their merits, and upon the submission of this cause counsel
were advised of our practice, and that plaintiff would not be

*2. ——: waiver of statutory no-tice by ap-pearance in appellate court: prac-tice.*

held to waive objection on the ground of want of service on the clerk of the circuit court, by submitting the motion to dismiss the appeal with the case.

. III. Counsel insist that the circuit court had no jurisdiction to correct the record of the court below. The correction

**3. ——: notice of: error in: correction by lower court.** consisted in affixing to the acceptance by the clerk of the service of the notice the true date, which was after the expiration of the time prescribed by the statute. As the record stood before correction, it appeared that the acceptance was within the lawful time. The act of the clerk was done through mistake, or omission to date his acceptance. Upon service of the notice of appeal it should be filed or deposited with the clerk below. It therefore becomes one of the original papers in the case, and is a part of the record therein. Code, § 196. In this record, on account of a mistake of the clerk, or his omission to affix the date to his acceptance of service, an error occurs which materially affects the rights of the plaintiff. Its correction in the court below is authorized by motion, as was done in this case, within the time prescribed by law. See Code, § 3156.

The conclusion we reach imposes upon us the duty of dismissing the appeal, which is now done.

DISMISSED.