MAXON v. THE CHICAGO, MILWAUKEE & ST. PAUL R'Y CO.

1. **Change of Venue**: ON MOTION TO CORRECT RECORD: CHANGE NOT ALLOWED. After the cause was tried in the circuit court and an appeal taken, a motion was made in that court by appellee to correct the record, which was alleged to have been falsified. Pending this motion, appellant moved for a change of the place of trial, on the ground of the prejudice of the circuit judge. *Held* that the motion for a change was properly overruled, because the cause was not pending in the circuit court for trial, but only for a correction of the record, and there is no provision of the statute authorizing a change of the place of trial in such a case.

2. **Appeal to Supreme Court**: JURISDICTION OF TRIAL COURT TO CORRECT RECORD. After an appeal to the supreme court, the trial court still has jurisdiction to correct its own records in the case. *Mahaffy v. Mahaffy*, 63 Iowa, 55, followed.

3. **Practice in Supreme Court**: CONFLICTING EVIDENCE TO SUPPORT VERDICT. This court will not interfere with the finding of a jury when there is a conflict in the evidence.

4. ———: INSTRUCTIONS NOT DULY EXCEPTED TO NOT REVIEWED. This court will not review rulings upon instructions which were not excepted to either at the trial, or within three days after the verdict. Code, § 2789.

*Appeal from Clinton Circuit Court.*

THURSDAY, OCTOBER 22.

PLAINTIFF brought this action to recover damages on account of the killing by defendant on its railroad track of one horse, and the injury of another. There was a verdict and judgment for plaintiff in the circuit court, from which

defendant took an appeal. After the appeal was perfected, plaintiff filed a motion in the circuit court to correct the record in the cause by returning to the files the original exceptions to the instructions of the court to the jury, and striking from the files a pretended motion for a new trial, which was then on the files, and substituting therefor the real motion which was filed in the case by defendant. The circuit court sustained this motion, and made the order prayed for therein, and from this order defendant also appealed. Both appeals will be disposed of in one opinion.

*N. Corning* and *A. T. Wheeler*, for appellant.

*W. C. Grohe, A. R. McCoy* and *A. Howat*, for appellee.

REED, J.—We will first consider the questions presented under the appeal from the order correcting the record. When this motion was filed there was among the files in the case a paper which purported to be a motion by defendant for a new trial. This paper appeared, by the note of filing indorsed on it by the clerk, to have been filed within three days after the verdict was returned, and in it exceptions are alleged to certain of the instructions given by the court to the jury on the trial of the cause. It also contained a recital that the defendant had excepted on the trial to the refusal of the court to give certain instructions asked by it. The ground of the motion to correct the record is that the exceptions to the instructions given by the court were not alleged in the motion for a new trial when it was placed upon file, and that it did not then contain the recital that defendant had excepted to the refusal of the court to give the instructions asked by defendant. It is also alleged in the motion that a paper which was designated an assignment of errors, and which had been filed in the cause, had been withdrawn from the files without leave of the court. On the hearing of the motion the circuit court found that the motion for a new

trial had been changed after it was filed, in the respects alleged; also that the paper designated an assignment of errors had been removed from the files; and it ordered that the paper purporting to be a motion for a new trial then on the files be stricken therefrom, and that a copy of the motion as originally filed be substituted for it on the files; and that the paper which had been withdrawn from the files without leave be returned thereto.

I. After the motion to correct the record was filed, defendant filed a motion, supported by affidavit, for a change of the place of trial, on the alleged ground that the judge of the circuit court was so prejudiced against it that it could not obtain a fair trial before him. The overruling of this motion is assigned as error. We deem it a sufficient answer to the argument of counsel on this question to say that the law makes no provision for a change of place of trial in such a proceeding. The cause was not pending in the court for trial. It had already been tried and disposed of, and the proceeding was to correct the records of the court in certain respects wherein it was alleged they had been falsified. The proceeding was entirely distinct from the trial of the cause, and none of the provisions of the statute for removing causes into other courts for trial have any application to it. As bearing on the question, see *Gilman v. Donovan*, 59 Iowa, 76; *Perkins & Jones*, 55 Id., 211.

*1. CHANGE of venue: on motion to correct record: change not allowed.*

II. Defendant filed a motion to strike the motion to correct the record from the files, on the ground that, as an appeal had been taken, the court had no jurisdiction of the cause or the parties. The overruling of this motion is assigned as error. It is probably true that by the appeal the court lost jurisdiction of the subject-matter of the controversy, and that it had no power thereafter, until the cause should be remanded, to make any order affecting the rights of the parties with reference to the subject-matter. This is expressly

*2. APPEAL to supreme court: jurisdiction: of trial court to correct record.*

held in *Levi v. Karrick*, 15 Iowa, 444. But the appeal did not deprive it of the power to correct its own records. It has jurisdiction to do that at any time. The question was directly involved in *Mahaffy v. Mahaffy*, 63 Iowa, 55, and the ruling there made is adverse to defendant's position.

III. It is finally insisted that the circuit court was not justified by the evidence in making the order for the correction of the record. There is great conflict in the evidence, and it is quite voluminous. We do not deem it important to set it out in the opinion. It is sufficient to say that in our opinion it fully sustains the finding and order of the circuit court.

IV. We come now to the questions sought to be raised under the appeal from the judgment. It is first insisted that the verdict is not supported by the evidence. **3. PRACTICE in supreme court: conflicting evidence to support verdict.** We have very thoroughly examined the evidence, which is fully set out in the abstract, and we have to say that, while a different result might have been reached from it, it cannot be said that the verdict finds no support in the evidence, but, on the contrary, there is a conflict in the evidence as to all the material questions in the case. It is now so well understood by the profession that this court will not interfere with the finding of the jury when there was a conflict in the evidence that it is unnecessary to cite the numerous cases in which that holding has been made.

V. The only other questions argued by counsel for appellant relate to the correctness of the instructions given by the court, and the action of the court in refusing those asked by defendant. **4. ———: instructions not duly excepted to not reviewed.** But under the present state of the record we cannot consider these questions. It appears by the record, as amended by the circuit court, that no exceptions were taken by the defendant at the trial, either to the instructions given or to the refusal to give those asked by it. Nor were any such exceptions filed within three days after the verdict. Under these circumstances, the rulings of the circuit court cannot be

reviewed by this court. Code, § 2789. *Bailey v. Anderson*, 61 Iowa, 749.

The order and judgment appealed from will be

Affirmed.