DeWolfe v. Taylor et al.

## DeWolfe v. Taylor et al.

1. **Appeal:** FROM CIRCUIT COURT: CORRECTION OF RECORD AFTER ABOLITION OF COURT. Upon the abolition of the circuit court its records were transferred by law to the district court; and where an appellant from the circuit court desires to correct the record in that court, he should apply to the district court for that purpose. *Ex parte* affidavits are not admissible.

2. **Interest:** CONSTRUCTION OF CONTRACT. T. was owing D. $3,000, and one clause of a contract between them stated: "T. is to pay D. $1,000 on or before April 1, 1880," and another clause provided: "The balance of said sum is to be paid by T. to D. on or before April 1, 1881, and interest is to be allowed to D. accordingly on said $1,000; and the remaining balance to be paid April 1, 1881, at the rate of 10 per cent from this date." *Held* that the contract provided for 10 per cent on the last payment only, and that, no rate being named for the first payment, it drew only 6 per cent.

3. ———: STOPPAGE BY OFFER TO PAY. A mere statement by a debtor to his creditor that he is ready to pay is not sufficient to stop the accruing of interest. If an actual tender is not necessary, it must at least appear that he has the money, and is in fact ready to pay according to contract.

*Appeal from Henry Circuit Court.*

SATURDAY, JUNE 11.

ACTION in equity. Decree for plaintiff, but both parties appeal; the plaintiff having taken the first appeal.

*R. Ambler*, for plaintiff.

*Palmer & Palmer* and *Woolson & Babb*, for defendants.

SEEVERS, J.—I. The plaintiff filed a motion to dismiss the defendants' appeal on the ground that it was not taken within six months after the judgment was entered of record. The defendants concede that the appeal was not taken within that time, but they insist that the case was in fact decided in vacation, and the decree entered of record as having been rendered on the last day of the preceding term. It is further insisted that the appeal was taken within six months

1. APPEAL: from circuit court: correction of record after abolition of court.

from the time the decision was rendered. This appears from certain *ex parte* affidavits which have been incorporated into the record, and the plaintiff has filed a motion to strike such affidavits, on the ground that they are not and cannot be regarded as part of the record. Counsel for the defendants insist that the motion is not well taken, because the circuit court no longer exists, and that they could not get the record corrected in accordance with the fact by making application to the district court. It is true, the circuit court has been abolished, but its records have been by law transferred to the district court, and we think such court has the same power and jurisdiction over such records as the circuit court had, and therefore application should have been made to the district court to correct the record in accordance with the fact. It is obvious that a record cannot be impeached or contradicted by *ex parte* affidavits. As the record shows that the defendants' appeal was not taken within six months after the judgment was entered, it must be dismissed; and also the motion to strike the affidavits must be sustained.

II. In 1873 the plaintiff sold to one of the defendants certain real estate. The contract was reduced to writing, 2. INTEREST: which afterwards, in 1879, was modified by a construction of contract. subsequent writing, and this action, in substance and fact, was brought for the purpose of determining the amount due the plaintiff under said contract. The plaintiff claims that he is entitled to more than was allowed him by the circuit court. The amount was ascertained and fixed at $3,000, when the contract of 1879 was executed. Said contract contains eight paragraphs or divisions, and the fifth provides: "Taylor is also to pay DeWolfe one thousand dollars on or before April 1, 1880;" and the sixth is as follows: "The balance of said sum now agreed upon is to be paid by Taylor to DeWolfe on or before April 1, 1881, and interest is to be allowed to DeWolfe accordingly on said $1,000; and the remaining balance to be paid April 1, 1881, at the rate of 10 per cent from this date." The court held

that, under the contract, interest at 6 per cent only could be computed on the $1,000 to be paid in 1880, and we think this is the correct construction. No rate of interest on such payment is fixed in the contract, and it is the balance due thereon after deducting the $1,000 that bears interest at 10 per cent. The plaintiff, however, contends that, when both contracts are read together, it is clear and apparent that the intention of the parties was that the whole amount of $3,000 should bear 10 per cent interest; but in this view we do not concur.

III. There was a lien on the property in favor of Mrs. Dewey, which the defendants agreed to pay, and the same was to be deducted from the amount agreed upon and fixed in the contract of 1879. The defendants contend that, under the contract, the amount was upwards of $1,900, but the court determined it to be $1,326, which we understand to be the amount actually paid by the defendants in satisfaction of the lien; and this we think is all the defendants are entitled to. Such, in our opinion, is the meaning and intent of the contract. The court further determined that the defendants were ready to pay the amount of the Dewey lien April 1, 1879, and that it should be regarded as paid at that time, although this in fact was not done until some time afterwards. In this we think the court erred. We do not understand that any tender was made, nor are we able to reach the conclusion, under the evidence, that the defendants had the money and were in fact ready to make the payment. At most, it appears that one of the defendants informed the plaintiff that he was ready to pay, but it does not appear that he had in his possession the requisite amount of money to comply with the contract on his part. We think the defendants should have shown, in order to prevent accruing interest, that they had the money ready, and were willing to pay as provided in the contract. This much, at least, they were bound to do. We are not required to determine whether they were bound to make a

*3. ——: stop-page by offer to pay.*

tender. The court found and determined that the defendants were entitled to certain payments, made at different dates amounting to $584.03; but, for the purpose of computing interest, the court equalized such payments, and fixed·upon the thirtieth of September, 1880, as the time such credit should be made. This we think accomplished substantial justice, and is not, we believe, seriously complained of. There is nothing else in the plaintiff's appeal which requires our attention.

The judgment of the circuit court must be

MODIFIED AND AFFIRMED.