STATE SAVINGS BANK OF ROLFE, Plaintiff, v. JOHN RATCLIFFE *et al.,* Appellants, Defendants.

**Correction of Record on Appeal:** JURISDICTION OF DISTRICT COURT. Under Code, section 4127, authorizing the trial court to make such orders as will secure a perfect record, such court has jurisdiction to correct a notice of appeal filed in the district court, by sustaining a motion to strike therefrom what purports to be the names of attorneys for defendant, on the ground that their signature had not been, in fact, appended to such notice.

**MOTION TO CORRECT:** *Timely filing.* Where no time is fixed within which to make application for the correction of a notice of appeal, only laches or equitable reasons can defeat it.

**VOID NOTICE:** *Acceptance of service.* Acceptance of service of an unsigned notice of appeal does not estop from insisting on the defect, as such notice is jurisdictional, an unsigned notice being no notice and the supreme court acquiring no jurisdiction without such notice, though there be consent of parties.

*Appeal from Pocahontas District Court.*—HON. F. H. HELSELL, Judge.

THURSDAY, MAY 24, 1900.

ACTION for the conversion of certain personal property. A jury was waived, and the case was tried to the court, resulting in a judgment for plaintiff. What is denominated a "notice of appeal" was served within the time required by statute for taking appeals, but, as this notice is challenged, our attention will be directed to the sufficiency thereof.—*Affirmed.*

*Carr & Parker* and *S. H. Kerr* for plaintiff, appellee.

*Crisman & Holbrook* for defendants, appellants.

DEEMER, J.—Notice of appeal, purporting to be duly signed, with acceptance of service thereon by attorneys for plaintiff, was duly filed with the clerk of the district court. The acceptance of service was within the time required by law, and on the face of it the notice is sufficient to give us jurisdiction. Some time·after the paper was filed plaintiff's counsel moved for a correction thereof in the district court by striking out the names of defendants' attorneys, purporting to be appended to the notice. A showing was made in support of this motion, from which the trial court found that the notice was not in fact signed when accepted by plaintiff's counsel, and it made an order correcting the same accordingly. From this order an appeal was taken. There is no doubt that the evidence before the trial court fully justified the order correcting the notice. But it is said the court had no jurisdiction to correct it. Section 4127 of the Code seems to confer jurisdiction on the trial court to make such an order. No time is fixed by statute within which to make application, and nothing but laches or equitable reasons will defeat it. *Fisher v. Railway Co.,* 104 Iowa, 588; *Risser v. Martin,* 86 Iowa, 392. But it is said the court should have considered certain correspondence between the parties as constituting notice. If that be true, it gave no ground for hold-

ing that the notice of appeal was in fact signed. The notice to correct was filed in time, and was properly sustained. As the notice was not signed, it was no notice. *Doerr v. Association*, 92 Iowa, 39. As plaintiff's attorneys accepted service of the paper, it is argued that they are estopped from claiming no notice. That question is also settled by the *Doerr Case, supra.* The correspondence passing between the parties is not relied on as sufficient in this connection, and we have no occasion to consider whether the letters passing between the parties cured the defect. There must be a notice of appeal, to give us jurisdiction. Consent of parties will not take the place of notice. As we have no jurisdiction, the main case must be dismissed, and the appeal from the order correcting the record AFFIRMED.