116   299
e132   105

THE CITY OF BURLINGTON, Appellant v. JOHN S. FEAR,
SAMUEL B. HUNT AND T. W. BURRUS, Administrator.

Judgment Entry:  SUBSTITUTION:  *Nunc pro tunc entry to let in ap-
peal.*  The court directed a verdict for nominal damages in favor
of plaintiff, and the latter's counsel announced that they would

prepare a form of judgment entry. On this verdict the clerk the same day (September 27th) entered judgment against defendants. Three days later (September 30th) plaintiff's counsel handed the clerk a form of entry, without date, which he took saying nothing of the previous entry, and which was kept on file, but not recorded. *Held*, that a motion to substitute the judgment entry prepared by plaintiff's counsel, and to have the same recorded as of September 30th, so as to let in plaintiff's appeal (the time for appeal from the judgment as recorded having expired), was properly refused since, even if the substitution was allowed, it would have to be made as of date September 27th.

*Appeal from Des Moines District Court.*—Hon. James D. Smyth, Judge.

Friday, April 11, 1902.

The question to be disposed of arises on a motion made by plaintiff for a *nunc pro tunc* judgment against the defendants. The motion was denied, and plaintiff appeals.—*Affirmed.*

*Geo. S. Tracy* and *Huston & Lander* for appellant.

*Seerly & Clark* and *S. L. Glasgow* for appellees.

Waterman, J.—The facts which gave rise to the motion made are as follows: In September, 1898, appellant brought an action against Fear, who was city auditor, and the other two defendants named herein, who were sureties on Fear's bond. The case was tried to a jury in September, 1899; and, on the conclusion of plaintiff's testimony, counsel for the sureties (not representing Fear) asked a directed verdict for nominal damages against their clients. This was ordered, and a verdict for one cent damages was returned. Counsel for plaintiff then announced they would prepare a form of judgment entry. Upon this verdict the clerk on the same day, to wit, September 27, 1899, entered a judgment against the defendants Samuel B. Hunt and T. W. Burrus,

administrator of the estate of E. S. Burrus, deceased, for one cent and costs of suit. No entry was made as to Fear. On September 30th, three days after the entry of this judgment, which was made without the knowledge of appellant's counsel, the latter handed the clerk a form of entry, without date, which they desired to have signed by the judge and recorded. The clerk took the paper, saying nothing of the entry which he had made, and has since kept it on file, but has not recorded it. Plaintiff served notice of appeal to this court from such judgment on the twenty-eighth day of March following. This was not in time. *Ritchey v. Fisher,* 85 Iowa, 560; section 4110, Code. Thereafter plaintiff filed the motion which is the basis of the controversy here; asking an order, in effect, substituting the judgment entry prepared by its counsel, and to have the same recorded as of September 30, 1899. Fear is not represented in this proceeding, and, so far as appears, there is no objection to plaintiff taking judgment against him. The record does not show that any judgment was ever ordered against Fear, but the case was carried along on the docket as to him until, November 13, 1899, and was then dropped. However, the purpose of this motion is not to obtain a judgment against Fear, but to change the date of the judgment against the sureties from September 27, 1899, to the thirtieth of that month, in order to let in the appeal. We are not concerned with the power of the court to enter a judgment *nunc pro tunc,* nor with the question of when it should be written in the court record. Plaintiff was clearly entitled to judgment on the date of the verdict. One was entered. If he were now permitted to have its terms corrected, it would not be permissible to alter its date. The substitution of his entry, if such an order had been made, would have been as of September 27, 1899. This being so, the object he sought could not be accomplished.

The trial court's ruling was correct, and it is AFFIRMED.