HOFFMAN-BRUNER GRANITE Co., Appellant, v. E. L. STARK, Appellee.

**Judgments:** DATE OF ENTRY: CORRECTION OF RECORD. A judgment is not appealable until entered of record, and the record should show the date of actual entry by the clerk as well as the date it was ordered by the court; and where the same does not appear the court has authority to correct the record in this regard, after an attempted appeal.

*Appeal from Linn District Court.*— HONS. WM. G. THOMP-SON and B. H. MILLER, Judges.

THURSDAY, July 12, 1906.*

* This case was not released for publication in time to appear in its chronological order.

ACTION to recover the purchase price of a monument.

Defense, a general denial. Verdict for defendant, and plaintiff appeals. Defendant also appeals from a ruling upon a motion to correct the record in the court below. Plaintiff will be called " appellant." Reversed on defendant's appeal. Plaintiff's appeal *dismissed.*

*C. W. Bingham,* for appellant.

*Voris & Haas,* for appellee.

DEEMER, J.— We do not find it necessary to consider the case attempted to be presented by plaintiff on its appeal, for reasons which will hereinafter appear. After verdict for defendant, plaintiff filed a motion for a new trial, and upon the judge's calendar or memorandum book is found the following entry: " Dec. 14, 1904. Motion for new trial overruled. Plaintiff excepts. _ Judgment on the verdict for costs against plaintiff. Clerk assess." Of record under date of December 14, 1904, appears a judgment entry in accord with this direction. Plaintiff served notice of appeal December 19, 1904. Thereafter, and on September 2, 1905, defendant filed a motion in the district court to correct the record, and after hearing that motion the trial court made the following finding and order, which was duly entered of record: " The court, being fully advised and satisfied in the premises, finds the facts as follows: That on the 17th and 18th days of November, 1904, at the regular November, 1904, term of this court, there was a trial to a jury in said cause, resulting in a verdict for the defendant, which verdict was returned into court on the 19th day of November, 1904. That thereafter plaintiff filed a motion for a new trial, which motion was overruled by the court at said November term, on the 14th day of December, 1904, as shown by the minutes on the Judge's calendar, and judgment ordered against plaintiff for costs; said entry in the

judge's calendar being as follows: 'Dec. 14, 1904. Motion for new trial overruled. Plaintiff excepts. Judgment on the verdict for costs against plaintiff. Clerk assess.' That the clerk made no actual entry in the district court record, pursuant to said order contained in the judge's calendar, until on or about the 15th day of February, 1905, at which time the said minutes were written up, extended, and formally entered and spread upon the district court records, as appears in volume 28, on pages 36 and 37 thereof. That prior to the 15th day of February, 1905, the only evidence of said judgment appeared in the minutes on said judge's calendar, except an entry in the combined appearance docket, judgment docket, and fee book, in the following words and figures: 'Judgment rendered against Hoffman-Bruner Granite Co. Date of judgment. Dec. 14th, 1904. Costs, $34.50 '—and on the lien index. That the district court record, as made up by the clerk for said November, 1904, term, had not yet been signed and approved by any judge at the time this motion was submitted. That the record of said judgment as entered, and as appears in said volume 28, at the pages aforesaid, was made by the clerk as of the date of the minutes on the judge's calendar.

The foregoing is regarded as established by the evidence introduced, if the same is competent to dispute the recitals of the record itself; if not competent, then such facts are not established. The court concludes, as a matter of law, that it is the duty of the clerk to enter judgments as in this case, as of the date appearing upon the minutes of the judge's calendar, and although the clerk in this instance did not in fact extend the minutes and enter and spread the judgment upon the district court record until February 15, 1905, it was his duty to make the entry of judgment as of date December 14, 1904, the date when the judgment was ordered by the judge. The judgment record therefore speaks truly, and no error or mistake is shown, and there-

fore there is nothing to correct. Accordingly the defendant's motion to correct judgment herein is overruled. To which ruling the defendant excepts." From this defendant appeals, and he further insists that we have no jurisdiction of plaintiff's appeal.

It is a well-recognized rule of this court that an appeal will not lie from the judgment of an inferior court until that judgment has been entered of record; in other words there is no appealable judgment until it is entered of record. *Kennedy v. Bank,* 119 Iowa, 123; *Martin v. Martin,* 125 Iowa, 73; *Stutsman v. Sharpless,* 125 Iowa, 335. See, also, *Callanan v. Votruba,* 104 Iowa, 672; *Balm v. Nunn,* 63 Iowa, 643. And the rule is just as well settled that the memorandum made by the judge on his calendar is neither a judgment nor the entry thereof. See cases last above cited. The abstract of a judgment is not an appealable judgment, and of course the index thereof is not. See same cases and *Case v. Plato,* 54 Iowa, 64; *Baxter v. Pritchard,* 113 Iowa, 422; *Winter v. Coulthard,* 94 Iowa, 312; *Moore v. McKinley,* 60 Iowa, 367. When we find a judgment of court duly entered of record, we must for the purposes of appeal, unless there be something to the contrary which we may properly consider, treat the date given for the rendition of the judgment as the correct one. *DeWolfe v. Taylor,* 71 Iowa, 648; *Gardner v. Railroad,* 68 Iowa, 588; *Buck v. Holt,* 74 Iowa, 294.

Ordinarily the clerk, when entering a judgment of record, should follow the memorandum made by the judge on his calendar, not only with reference to the substance thereof, but also as to date, because for many purposes the judgment, when recorded, relates back to the time of the oral or written pronouncement thereof by the court. But for the purposes of appeal the judgment has no validity until actually entered of record, and in such cases the record should show the date of the entry. See cases hitherto cited.

This may also be necessary in other cases, as where execution issues. If the record as made does not show the date of actual entry, the district court on motion, even after an attempted appeal to this court, has power and it is its duty to correct it upon a showing as to the actual date when the entry was made. *Reynolds v. Sutliff,* 71 Iowa, 549; *Brier v. Railroad Co.,* 66 Iowa, 602; *Porter v. Butterfield,* 116 Iowa, 725; De Wolfe v. Taylor, *supra; Gardner v. Railroad,* 68 Iowa, 588; *State Bank v. Ratcliffe,* 111 Iowa, 662; *Maxon v. Railroad,* 67 Iowa, 226.

For some purposes an entry of judgment will relate back to the time when it is actually ordered, but not for all, and surely not for the purposes of an appeal; and it is also held that an order for a judgment entry *nunc pro tunc* cannot be made to relate back for the purposes of an appeal. *Day v. Goodwin,* 104 Iowa, 375; *Doughty v. Meek,* 105 Iowa, 18; *Van Fleet v. Phillips,* 11 Iowa, 561; and cases heretofore cited. Having found the facts above recited upon the motion to correct the record, the trial court should have directed the clerk to recite upon the record that this judgment was not in fact entered of record until February 15, 1905. In a sense, of course, this does now appear, and is shown by the entry of the ruling on the motion; but the concluding part of that entry is misleading, if not absolutely wrong, in that it finds that the record speaks the truth. Presumptively that record was made on the day it bears date, which is not in accord with the fact, and the trial court should have so found and entered its finding of record. Even if we treat this entry in ruling upon the motion as correct, it shows that the entry of an appealable judgment was not made until February 15, 1905; and, if that be true, plaintiff's appeal is premature, and it should be dismissed. But we think the trial court (Judge Miller presiding) should have directed the clerk to make of record a finding that the record of the judgment does not speak the truth, in that it was not entered in fact until about February 15th.

In other words, the motion to correct the record should have been sustained, and not overruled.

Of the many cases cited by plaintiff upon this proposition, none are in point. In *City of Burlington v. Fear,* 116 Iowa, 299, an appealable judgment was entered of record on the very day it was ordered. Plaintiff then appealed, but its appeal was too late. It then moved for a substituted entry of judgment, showing its rendition three days later than the date when the original was entered. The motion was denied. That case simply holds that the substitute, even if allowed, should not bear a later date than the one on which the original judgment was in fact entered of record. Manifestly this was correct, and in no manner contrary to the rules hitherto announced. *Carter v. Sherman,* 63 Iowa, 689, is in line with our conclusion in the present case. *Coffey v. Gamble,* 117 Iowa, 548, and *Mentzer v. Davis,* 109 Iowa, 528, are not in point, as they involved different statutes and different proceedings. Cases relating to entries *nunc pro tunc* have no bearing upon the question here involved. No *nunc pro tunc* order was asked, and, if it had been, such entry would have had no bearing upon the issue as to what is an appealable judgment, and as to when the time for taking an appeal begins to run. The order upon the motion to correct is wrong, and in any event plaintiff's appeal should be dismissed.

On defendant's appeal, *reversed;* and on plaintiff's appeal, *dismissed.*