JAMES DOWLING, v. WEBSTER COUNTY, IOWA, PETER HADLEY, Treasurer, and J. L. HANRAHAN, County Auditor, of said County, Appellants.

**Taxation:** ASSESSMENT. Where the board of review has determined that property is not assessable for a given year it can not thereafter be assessed for that year by the auditor and treasurer.

**Same:** APPEAL: OBJECTION TO ASSESSMENT. To authorize a review by the court of an assessment of property by the treasurer and auditor objections to the assessment must have been interposed before such officers, but the same need not have been in writing or inserted as a part of the assessment, and need not appear in the transcript filed with the clerk of court. The fact of such objection is a matter of proof to be established like any other issue in the case.

**Same:** APPEAL: CORRECTION OF RECORD: TIME. The statute authorizing the making of necessary orders to secure a perfect record or transcript applies to a correction of the record on appeal, in mat-

ters of assessment, to show that proper objections to the assessment were made before the taxing officers; the same being in the nature of evidence. And the time within which the correction may be made is not limited but may be made at any time before the remedy is barred by laches or other equitable consideration.

*Appeal from Webster District Court,* HON. R. M. WRIGHT, Judge.

WEDNESDAY, MARCH 6, 1912.

THE treasurer and auditor notified James Dowling of being apprised that he was possessed of $25,000 in moneys and credits omitted from taxation in 1904 and the three years following, and of the time and place fixed for hearing, and on December 31, 1908, assessed moneys and credits at the actual value of $15,250 in each for the first two years mentioned, and $2,000 less for each of the succeeding years, and demanded of him taxes and accrued interests, amounting to $1,028.84. From such assessment Dowling appealed to the district court, which, on hearing, adjudged that the assessment be canceled. The county treasurer and county auditor appeal. *Affirmed.*

*Mitchell & Fitzpatrick* and *McCoy & McCoy,* for appellants.

*Healy & Healy* and *Seth Thomas,* for appellee.

LADD, J. I. The evidence adduced on the hearing before the district court was conclusive that the treasurer and auditor had erred in assessing any moneys and credits to

1. TAXATION: assessment.

James Dowling as having been withheld from taxation during the years mentioned. The board of review had decided in 1905 that the identical securities did not belong to him,

and that alone was sufficient to obviate any assessment thereon by the auditor or treasurer for that year. *Tally v. Brown,* 146 Iowa, 360. He had transferred the notes and mortgages previously held by him to his daughters by way of advancements prior to the period in question, and renewals had been taken in their names. Notwithstanding appellants' suspicions to the contrary, these gifts appear to have been complete and in good faith.

II. Upon receiving appellants' abstract, appellee discovered that neither it nor the transcript of the evidence disclosed that any objection to the assessment had ever been made to the auditor and treasurer. Thereupon he filed a motion in the district court, praying that the record of the trial be corrected, so as to show that an agreement had been made at the beginning of the trial that objection had been interposed before the county treasurer and auditor at or prior to the time fixed by them for hearing, and so as to include a professional statement, made by the attorney for the appellee, to the effect that, in behalf of the appellee, he had made objections to the proposed action of the county treasurer and county auditor to them prior to the assessment, to the effect that appellee had no moneys or credits as claimed. This motion was supported by affidavits and a certificate of the trial judge. Counter affidavits were filed, and, upon hearing, the court entered an order amending the record, so as to insert in the transcript of the official reporter's shorthand notes of the case, just preceding the testimony taken in the case:

The Court: Mr. Healy, it appears from the transcript sent up by the county treasurer that no objections were made to the assessment by Mr. Dowling and this matter is jurisdictional; what do you say, Mr. Healy? Mr. Healy: The objections, your Honor, were filed, and if the transcript does not show them I ask for time to make search for them. The Court: We cannot delay the trial to make this

search. Mr. Healy: Well, I will be sworn. Mr. Mitchell: You need not be sworn; we will take your statement. Mr. Healy: I made objections, both orally and in writing, to both the treasurer and auditor  that Mr. Dowling had no moneys and credits, other than he had turned in for the years 1904, 1905, 1906 and 1907, and they both referred me to Mr. McCoy. I went to the supervisors room to see Mr. McCoy, and he was not there; but I found a gentlemen there who appeared to be in charge of his business and had possession of the books, and I delivered to him the objections and protest. The Court: There being no showing to the contrary, I will take what you say, Mr. Healy, as stating the facts and hold that the objections were duly made Let the trial proceed.

The finding has such support in the record as to preclude any interference therewith. It is well established that, in order to authorize a review of the finding of the treasurer or auditor, objection to the assessment must be interposed before such officer, to the end that he may pass thereon. But there is no requirement in the law that the objection be reduced to writing or inserted as a part of the assessment, nor that it appear in the transcript filed with the clerk of the district court on appeal. *Murrow v. Heath,* 146 Iowa, 347, *Morril v. Bentley,* 150 Iowa 677. See *Wahkonsa Ins. Co., v. Ft. Dodge,* 125 Iowa, 148. Whether there was such an objection is a matter of proof to be established like any other issue in the case. If there had been objection we see no reason why it may not be conceded by counsel on the trial, and what was found to have occurred at the trial fully established the fact that a sufficient objection was interposed.

But it is argued that the correction was not one that might be made by the district court more than six months after the entry of the decree. Section 4127, Code, expressly authorizes the making of "any necessary orders to secure a perfect record or transcript thereof," and, as the omission was in the

3. SAME: appeal: correction of record: time.

record of the district court, application to supply the same was properly there made. *Bartle v. Des Moines,* 37 Iowa, 635; *Hughes v. Stanley,* 45 Iowa, 622; *Gardner v. Railway,* 68 Iowa, 588; *Reynolds v. Sutliff,* 71 Iowa, 549; *Campbell v. Long,* 20 Iowa, 382; *Ormsby v. Graham,* 123 Iowa, 202.

The diminution of the record supplied was in the nature of evidence, and the effect of the order was to insert the matter included therein as a portion of the certified shorthand notes and transcript, and, of course, if these were certified and filed in time, the correction being made as of the time, the proceedings omitted by the official reporter would also be within the period fixed for perfecting the record for trial *de novo.* The time within which a record may be corrected is not limited by the above statute and only laches or equitable considerations will obviate the remedy provided. *State Savings Bank v. Ratcliffe,* 111 Iowa, 662; *Fisher v. Railway,* 104 Iowa, 588. The application to supply the omission was promptly made on discovery thereof, and was timely. The order was rightly entered. *Affirmed.*