G. H. BRAINARD, Appellant, v. H. M. HARLAN, COUNTY TREASURER OF KEOKUK COUNTY, Appellee.

**Taxation:** ASSESSMENT: OMITTED PROPERTY. A judgment of the court cancelling an assessment of property made by the assessor and board of equalization, when not appealed from, is final; and the property cannot be again assessed by the treasurer as omitted property.

*Appeal from Keokuk District Court.*—HON JOHN F. TALBOTT, Judge.

TUESDAY, FEBRUARY 18, 1913.

SUIT in equity to set aside a listing and assessment by the defendant county treasurer of $24,900 on moneys and credits belonging to plaintiff for the year 1910. The defendant admitted making the assessment, but pleaded that it was valid, because made on property omitted from taxation for that year. The trial court dismissed plaintiff's petition, and he appeals.—*Reversed*.

*C. M. Brown,* for appellant.

*Frank M. Beatty,* County Attorney, for appellee.

. DEEMER, J.—The facts are not seriously in dispute, although appellee's counsel, in their statement of the case, omit one important matter as of no consequence. For the year 1910 the assessor of Warren township, Keokuk county, in which township and county plaintiff resided, made the following assessment of plaintiff's property: "G. H. Brainard, Delta, Iowa, Independent Dist. No. 1, actual value, $25,575; taxable value, $6,394; number of colts two years old, two; . actual value, $100; horses, four; actual value, $340; moneys and credits, actual value, $25,576." And the testimony shows that the assessment on moneys and credits was based upon a contract for the sale of a tract of land which plaintiff had theretofore owned, made and entered into between plaintiff and one Nye on the 3d day of October, 1909, the contract price being $24,900, $1,000 of which was paid in cash, and the balance to be paid on March 1, 1910. This was the only land contract held by the plaintiff at the time the assessment was made. Plaintiff, the assessor who made the assessment, and the defendant herein agree that the assessment on moneys and credits made by the assessor was based upon this contract. The assessor, however, fixed the taxable value of the moneys and credits at $6,394. It appears that, without notice to plaintiff, the township board of equalization increased plaintiff's assessment by adding thereto the sum of $25,000. Thereupon plaintiff brought an action of certiorari against the board, in which he asked that their act in so doing be set aside and annulled for want of notice. The board appeared to this action, and denied that they had raised, or attempted to raise, plaintiff's assessment. They also averred that "the addition of $25,000 to the plaintiff's assessment was not the raising of the valuation of plaintiff's property, but was the listing of a written contract of sale of

real estate which had been omitted from taxation, and which the plaintiff had refused to list with the assessor; and the adding of said $25,000 contract to the assessment roll was done by the assessor as property omitted from taxation." On these issues and some others that case was tried, resulting in a decree that "the action of the defendants, as trustees of Warren township, Keokuk county, Iowa, in adding to the plaintiff's assessment the sum of $25,000 for the year 1910, be and the same is declared and held to be null and void and not collectible as made by the defendants." We also find that the assessor's book and the tax book of Warren township contain the following entry with reference to plaintiff's assessment: "$6,250 deducted by order of the district court." This was made by the deputy county treasurer after the books were turned over to the treasurer. On October 20, 1911, the defendant county treasurer, upon report of a tax ferret employed by Keokuk county, made the following assessment against plaintiff:

Assessment.

| Name | Year | Actual Value | Taxable | Rate |
|------|------|--------------|---------|------|
| Brainard, G. H. | 1910 | 24900 | Value | 34 |
| | | | 6225 | 5 |
| Interest | Total | Date of | By Whom | |
| Road | 24278 | Assessment | Assessed | |
| 3,113 | | Oct. 20, 1911 | | |
| | | | County | |
| | | | Treasurer | |

This assessment was made on the theory that it was upon omitted property; and it is conceded that it was based upon the land contract held by plaintiff, to which we have already referred, and upon nothing else. The assessment made by the assessor, and also by the board of equalization, for the year 1910 was also bottomed upon this same land contract. It is conceded, however, that no taxes were collected by the county upon this land contract for the year 1910. The pres-

ent action is to set aside and cancel this last assessment made by the county treasurer.

For defendant, it is contended that the assessment was properly made and should be sustained, for the reason that the land contract to which we have referred was withheld. overlooked, or for some other cause not listed and assessed and that it was defendant's duty to assess it as omitted property. On the other hand, it is argued for appellant that the property was not withheld, overlooked or from any other cause not listed or assessed. Counsel say that it was assessed both by the assessor and by the board of equalization, and that the county treasurer had no authority to reassess; the remedy of the county in such case being that of appeal to the district court and to this court, if the decree was unsatisfactory. The record shows, without any conflict whatever, that the identical property entered upon the books for taxation as omitted property was, in fact, assessed by the assessor, at least to the amount of one-fourth the value thereof, and that the same property was assessed by the board of equalization, although the latter seems to have erroneously entered it as if omitted from taxation by the assessor. The assessor's books, as returned to the county auditor, show an assessment of moneys and credits, and the amount was based upon the contract in question. The district court held the assessment illegal for some reason, and the county authorities did not appeal, as they should have done in the event the assessor made the assessment, as the records now show without any dispute. The adjudication of the district court is final, however, and cannot be again reviewed by placing the same upon the tax books as omitted property. What the rule might be, had the board of equalization, without notice and without any jurisdiction over the plaintiff, ordered the assessment against plaintiff raised by placing upon the books property entirely overlooked or omitted by the assessor, we have no occasion now to determine. Here the assessor did list and assess it, and it was not withheld, overlooked, or for any

other reason not listed or assessed. If such proceedings, as here adopted, were approved, there would be no end to these tax proceedings; for, no matter how many times a taxpayer might secure a decree that his property, duly assessed, was not taxable, a county treasurer could, at any time within five years, as the law stood when the proceedings under review were had, again assess the property as overlooked or withheld. The statute (Code, section 1374) has reference to the property withheld, overlooked, or from any other cause not listed or assessed, and not to property which has been listed and assessed, but which, for some reason, has been stricken from the rolls.

Under previous holdings of this court, the county treasurer is not authorized by section 1374, or any other section, to enter an assessment against property already assessed by the assessor and the board of equalization and returned to the county officials. *Savings Bank v. Trowbridge,* 124 Iowa, 514; *Tally v. Brown,* 146 Iowa, 360; *Woodbury Co. v. Talley,* 153 Iowa, 28; *Dowling v. Webster County,* 154 Iowa, 603. There must be an end of the right to assess property somewhere, and we are convinced that the right expired here before the county treasurer made his assessment of the contract as omitted moneys and credits.

The decree of the district court must therefore be, and it is, *Reversed.*