CHARLOTTE PENNYPACKER et al., Appellants, v. A. M. FLOYD, Appellee.

APPEAL AND ERROR:   Unsigned Notice of Appeal.   An unsigned notice of appeal is a nullity, even though appellee makes and signs acknowledgment of service thereon, with knowledge that the paper came from appellant's attorneys.

*Appeal from Linn District Court.*—F. F. DAWLEY, Judge.

JANUARY 20, 1919.

THE plaintiffs, who owned 80 acres of land, entered into a contract with defendant, employing him to act as agent in the exclusive supervision of the sale and conveyance thereof.   Defendant found a purchaser, to whom the land was sold for $8,000, as of March 1, 1916, upon the delivery of deed and possession.   Of this, $1,000, upon the allowance of 4 per cent discount, was paid to the agent, recovery of which was sought in this suit, the issue being whether the defendant was to retain all of the purchase price in excess of $7,000, as compensation for services rendered.   On motion of the defendant, verdict was directed for him, and judgment entered thereon.—*Dismissed.*

*Treichler & Treichler,* for appellants.

*E. A. Johnson,* for appellee.

LADD, C. J.—Appellants' abstract merely recited that plaintiffs perfected their appeal by serving notice of appeal on defendant's attorney, and the clerk of the district court. In an amendment to the abstract, appellee denies that an

appeal was perfected by serving notice of appeal as alleged, and avers that a paper, properly addressed and in due form, but unsigned, was mailed to appellee's attorney, with the request that he acknowledge service thereon, which was done; and thereafter, and without appellee's consent or knowledge, plaintiffs' attorneys signed same. This was denied; whereupon, defendant applied to the district court to strike the signature to said notice therefrom; for, as was alleged, it was attached subsequent to the acknowledgment of service thereon by the appellee. On hearing, the court ordered that the signature of Treichler & Treichler be stricken from the notice. This ruling has such support in the evidence—is sustained by such preponderance of the evidence—as to preclude any interference therewith. The attorney for defendant, the stenographer employed in his office, and defendant say it was not signed when the acknowledgment of service was made. One of the attorneys of plaintiffs testifies that he signed it before mailing the notice to appellee's attorney. See *Hamill v. Joseph Schlitz Brewing Co.*, 165 Iowa 266. But it is argued that, as the notice of appeal, though unsigned, was presented by attorneys for plaintiffs in the trial court, and service accepted by counsel for appellee, with knowledge of whence the notice emanated, this was a sufficient notice. In forwarding the paper for acknowledgment of service, counsel wrote defendant's attorney:

"Herewith notice of appeal in case of Pennypacker et al. v. Floyd. Will you please accept service of same, and return one copy to us?"

This was signed, "Treichler & Treichler," and, of course, indicated whence it came; but we are not persuaded that this supplied the defect in omitting signature to the notice. Though the statute does not, in express terms, exact the signature of the notice of appeal, we said, in *Doerr v. Southwestern M. L. Assn.*, 92 Iowa 39:

"We think this essential to its validity. It must purport to emanate from someone, in order that the adverse party may be advised that it comes from a proper source. To be binding upon the appellant, it ought to be subscribed, either by himself, or someone authorized to act for him. Without such attestation, the document is, in effect, no more than a blank piece of paper. It is not a case of defective notice, but of no notice."

In *State Sav. Bank v. Ratcliffe,* 111 Iowa 662, in ruling on the same question, the court declared that, "As the notice was not signed, it was no notice."

If no notice, presenting the notice for acknowledgment of service surely would not transform it into a notice. It merely advised the other side whence the paper, such as it was, came,—that is, from the attorneys having the right to take the appeal. Service of notice of appeal is essential to confer jurisdiction in this state, and jurisdiction can be conferred in no other way. *Doerr v. Southwestern M. & L. Assn.,* **supra.**

Our attention has been directed to several cases where the presentation of an unsigned notice of appeal by attorney for appellant personally, and acknowledgment of service by the attorney for appellee, has been held to obviate the omission of signature; but these decisions are on appeals from justice court, where jurisdiction may be conferred by consent (*Eaton v. Supervisors,* 42 Wis. 317; *Evangelical Luth. Society v. Koehler,* 59 Wis. 650 [18 N. W. 476]; *Cella v. Schnairs,* 42 Mo. App. 316), or where appearance by a party without questioning the notice is a waiver of service thereof as to him (*Perkins v. Indiana Mfg. Co.,* 58 Ind. App. 220 [108 N. E. 165]).

We are content with the holding of this court that an unsigned notice of appeal is no notice, and that the service of a notice of appeal, duly signed, is essential to confer jurisdiction. Our conclusion is that the order of court cor-

recting the record should be, and it is, affirmed, and that the motion to dismiss the appeal from the judgment in the main case should be, and is, sustained. One half of the costs of printing appellee's amendment to abstract is taxed to appellee.

*Affirmed* on appeal from order correcting record; *dismissed* on appeal from judgment.

EVANS, GAYNOR, PRESTON, and STEVENS, JJ., concur.

SALINGER, J., specially concurs.

SALINGER, J. (concurring). In this case, a motion was made to correct the record by striking the signature found on a notice of appeal. The ground alleged was that the signature was not made at the time when the notice was served, and that, because it was attached after service, no legal notice of appeal was served. The motion was sustained. The opinion affirms, with the declaration that "this ruling has such support—is sustained by such preponderance of the evidence—as to preclude any interference therewith." I concede it is sustained by a preponderance. But I am astonished that *Hamill v. Joseph Schlitz Brewing Co.,* 165 Iowa 266, should be cited in support of this holding. The *Hamill* case is in flat conflict with the pronouncement in the instant case. In principle, the facts in this and in the *Hamill* case are exactly alike. Here, the claim is that a signature to a notice of appeal appears, on the face of the record, to have been made in due time to make a legal notice, when in truth it was not affixed in due time. In the *Hamill* case, it was claimed the record falsely declared that a signature to a bill of exceptions had been made in time to make an effective bill of exceptions. In both cases, the motion to correct was sustained. In the case at bar, the correction is sustained by holding that the action cannot be interfered with, unless it may be done under the rules that govern our setting aside a verdict: in other words, that

such action may not be interfered with if it has support in the evidence,—will not be reviewed *de novo*. And it is, therefore, affirmed. In the *Hamill* case, three witnesses testified the signature was not attached at a stated time; three, that it was. The opinion in the *Hamill* case declares that each set of witnesses is dealt with as equally credible. But the order correcting is set aside. This is done by review *de novo*. First, it is declared that it is not admitted an appeal from the correction of a record "is governed by the general rules applicable to the review of proceedings at law, and that the findings of the trial court are to have the effect of a jury verdict." Then comes a review *de novo*. And finally, it is said that a proceeding to correct a record as to when a signature was affixed is an attempt to correct under the statute,—allowing corrections for evident mistake; and that the evidence must show an "evident" mistake by clearly establishing such mistake. The effect of it all is to require more than a preponderance for the correction, awarding review *de novo* on whether there is that degree of proof, and holding that the correction will be set aside if, on such review, it is found that such degree of proof has not been made. If the *Hamill* case supports the holding at bar, then the corpse of a negro is proof that a white man has died. I think the instant decision is right. It follows the one in the *Hamill* case is erroneous, and should be overruled. To let both stand is to embarrass bench and bar with irreconcilable pronouncements. For us to cite either in support of the other is to make this confusion worse confounded.