CARL A. JENSEN, Appellee, v. D. J. ADLUM, Appellant.

**APPEAL AND ERROR:** Notice of Appeal—Unsigned Notice. An unsigned notice of appeal is a nullity, even though appellee and the clerk of the district court execute acknowledgment of ' service thereon, and even though the reverse side of the notice carries the title of the case and an indorsement of the name of appellant's attorney.

**Headnote 1:** 3 C. J. pp. 1228, 1229.

*Appeal from Harrison District Court.*—O. D. WHEELER, Judge.

DECEMBER 15, 1925.

REHEARING DENIED APRIL 9, 1926.

ACTION for damages for fraud. Verdict and judgment for plaintiff. Defendant appeals.—*Dismissed.*

*J. S. Dewell, R. J. Organ,* and *Robertson & Havens,* for appellant.

*William P. Welch* and *Fred E. Egan,* for appellee.

MORLING, J.—Defendant's attorney, in preparing notice of appeal, used and filled out printed blanks. The notice and the acceptance of service were on the face of the blanks. He filled out the notice in triplicate, one of which he intended for the original, and two for copies for service on the attorneys. He signed the one intended for the original, but did not sign either of the other two. In the making of the service, the signed copy came into the possession of one of plaintiff's attorneys, and

one unsigned copy into the possession of the other of plaintiff's attorneys. On the other unsigned copy, the plaintiff's attorneys and the clerk of the court signed the acceptances of service. This unsigned copy, with the acceptances of service, was duly filed with the clerk. All three of the notices had upon the back, the ordinary indorsement, consisting of the label, "notice of appeal," the title of the action, and the name "R. J. Organ, attorney for defendant." This indorsement was placed upon the notices, with the authority of the defendant's attorney, by his stenographer, and was on them at· the time of the service and filing. The plaintiff moves the court to dismiss the appeal because the notice was not signed by the defendant or by his attorney. The signed copy received by one of the plaintiff's attorneys was, as to delivery of copies to them, sufficient, and, if the notice upon which plaintiff's attorneys accepted service had been properly signed, service upon plaintiff's attorneys would have been good. But service upon the clerk was as essential as service upon the adverse party. The notice that was served on the clerk, service of which was accepted by the clerk and by the plaintiff's attorneys, was not signed by defendant or his attorney. On the record, the only notice of appeal consists of an unsigned notice to the clerk, of which the plaintiff's attorneys and the clerk have accepted service. Unless the document is subscribed by the appellant or someone authorized to act for him, it is, in effect, only a blank piece of paper. The indorsement on the back shows that Mr. Organ was the attorney for the defendant, and indicates that he prepared and filed the paper. It could not, however, convert the blank on the opposite side into a completed notice of appeal. ·

Under our numerous decisions, the motion must be sustained. *Doerr v. Southwestern M. L. Assn.*, 92 Iowa 39; *Pennypacker v. Floyd*, 185 Iowa 233; *State Sav. Bank v. Ratcliffe*, 111 Iowa 662; *Bedford v. Board of Supervisors*, 162 Iowa 588; *Merrill v. Timbrell* (Iowa), 95 N. W. 237 (not officially reported). See *Thorson v. City of Des Moines*, 194 Iowa 565.

The appeal is—*Dismissed.*

FAVILLE, C. J., and EVANS and ALBERT, JJ., concur.