KATHERYN RIVERS, Executrix, Appellant, v. METROPOLITAN LIFE INSURANCE COMPANY OF NEW YORK, Appellee.

No. 46074.

OCTOBER 27, 1942.

Leo A. Hoegh and Virgil E. Meyer, both of Chariton, for appellant.

Henry & Henry, of Des Moines, for appellee.

BLISS, J.—This is the second appeal pending in this cause. Judgment in the main case was entered in the district court for the defendant on February 9, 1942. Plaintiff appealed from the latter judgment. Motion by appellee to dismiss said appeal, for reasons which we will now refer to, was ordered by the court to be submitted with the appeal now before us. Appellee states that on March 30, 1942, its attorneys at Des Moines received in the mail an envelope, bearing the name of one of the attorneys for appellant, containing a purported notice of appeal by the appellant from the judgment of February 9, 1942; that there was but a single notice, which was addressed to the appellee or its attorneys, and stated that the appeal would be for hearing before the supreme court at the September term, commencing on September 22, 1942; that the notice of appeal was not signed by either the appellant or any attorney for her, and there was no accompanying letter; that the appellee's attorneys, Henry & Henry, signed the printed acceptance of service on the notice on the 30th day of March, and after procuring a photograph of the notice, returned said notice to the attorneys for appellant at Chariton. This notice was filed in the office of the clerk of the district court at Lucas county, Iowa, on March 31, 1942, and service thereof was accepted by the clerk on that day. The notice filed, which was the same one on which appellee's attorneys had accepted service, bore the signature of "Virgil E. Meyer, Attorney for Plaintiff," when it was filed in the clerk's office and served, by acceptance, on the clerk. The attorneys for the appellee learned of the filing of the notice, so signed, on June 10, 1942, and on the same day filed in the office of the clerk of the supreme court, a motion to dismiss the appeal because the notice was not signed when served. At this time the attorneys for the appellee notified the attorneys for the appellant of the filing of the motion and the grounds thereof. On June 25, 1942, the appellee, under the provisions of section 12857, Code of Iowa, 1939, filed a motion, supported by affidavits, in the district court of Lucas county, to perfect the record therein by expunging the name of appellant's attorney from the notice of appeal on file. Appellant filed a resistance supported

by counteraffidavits. After a hearing on the motion, the trial court found that the notice was unsigned when served on the attorneys for appellee, and ordered the name of Virgil E. Meyer as attorney for appellant stricken from the notice.

The matter before this court is the appeal from this last-mentioned order of the trial court.

Appellant states that the court erred when it ordered the record corrected, since the appellee was guilty of laches and estoppel in pais, and had failed to do equity, and there was no conflict in the affidavits as to what appellee's conduct had been nor as to how or to what extent the appellant had relied on such conduct.

We find no merit in this assignment of error. The ruling of the trial court upon the motion was right.

█ I. Section 12837, Code, 1939, prescribes the method of perfecting an appeal to this court by service of notice thereof. While the section does not expressly state anything concerning the signing of such notice, we have repeatedly held that it is essential to its validity that it be subscribed by the appellant, his attorney, or someone authorized to act for the appellant. Doerr v. Southwestern Mut. L. Assn., 92 Iowa 39, 41, 60 N. W. 225; State Sav. Bk. v. Ratcliffe, 111 Iowa 662, 663, 82 N. W. 1011; Pennypacker v. Floyd, 185 Iowa 233, 234, 170 N. W. 396; Jensen v. Adlum, 201 Iowa 1042, 1043, 206 N. W. 129; Bedford v. Board of Supvrs., 162 Iowa 588, 592, 144 N. W. 301; Citizens Bank v. Taylor, 201 Iowa 499, 501, 207 N. W. 570.

Proper service of the notice is jurisdictional and no waiver with respect thereto can aid an appellant. See above-cited cases. Neither did the acceptance of service of the unsigned notice avail appellant. State Sav. Bk. v. Ratcliffe, Pennypacker v. Floyd, and Jensen v. Adlum, all supra.

█ II. The affidavits upon which the motion was submitted were conflicting, but were sufficient to sustain the finding of the court that the notice was unsigned when served. We, therefore, cannot interfere with such finding. Dowling v. Webster County, 154 Iowa 603, 606, 134 N. W. 870; State v. Dillard, 52 Iowa 749, 3 N. W. 807; Maxon v. Chicago, M. & St. P. Ry. Co., 67 Iowa 226, 25 N. W. 144; Brier v. Chicago, B. P. Ry. Co., 66

Iowa 602, 24 N. W. 232; Pennypacker v. Floyd, supra; Coggon State Bk. v. Woods, 212 Iowa 1388, 238 N. W. 448.

III. Appellant does not question these rules of law, but does insist that the appellee can take no benefit therefrom because it barred itself by laches and equitable estoppel. She contends that, as a matter of fairness and equity, the appellee should have raised the matters set up in its motion within time to have permitted appellant to serve a proper notice, or at least within such time as to have saved her the expense of preparing and printing the abstract and brief and argument. She contends that, since appellee did neither of these things, this court was not deprived of jurisdiction to hear the appeal. We are constrained to disagree with appellant in this matter. There is no statutory time limitation imposed upon an appellee in raising a matter of this kind, and procuring an order of correction such as the court made. As stated in State Savings Bank of Rolfe v. Ratcliffe, supra, 111 Iowa 662, 663, "nothing but laches or equitable reasons will defeat" the jurisdiction of the. correcting court. See, also, Dowling v. Webster County, supra, 154 Iowa 603, 607, 134 N. W. 870; Maxon v. Chicago, M. & St. P. Ry. Co., supra, 67 Iowa 226, 228, 25 N. W. 144; Puckett v. Gunther, 137 Iowa 647, 649, 114 N. W. 34.

The appellee breached no legal or equitable duty which it owed the appellant Neither could it be charged with laches. Appellant had until the latter days of July 1942 to file her abstract. She filed it on May 18, 1942. She had until August 21, 1942, to file her brief and argument, which was 40 days before the cause was assigned for submission in this court, but she filed it on June 26, 1942. She was notified by the appellee that it was claiming this court had no jurisdiction on June 10, 1942, over two weeks before she filed her brief and argument.

"Estoppel * * * to be sustained must be clearly proved, in all of its essential elements, by clear, convincing, and satisfactory evidence." Stookesberry v. Burgher, 220 Iowa 916, 922, 262 N. W. 820, 823.

It is our judgment that the appellant has failed to sustain the contention urged by her, and discussed in this division III, either in law or in fact.

Our decision herein is also decisive of appellee's motion to dismiss the appeal in the main case, which, as noted herein, was ordered submitted with the instant appeal. It is, therefore, ordered that appellee's said motion to dismiss the appeal from the judgment of February 9, 1942, in the main case, is sustained, and the judgment of the trial court in the appeal now before us is affirmed.—Affirmed.

All JUSTICES concur.